*Se dictará sentencia de conformidad.*

EL PUEBLO DE PUERTO RICO, peticionario, *v.* MARKUS R. IRIZARRY QUIÑONES, ISMAEL CINTRÓN ROSARIO Y REMY MONTALVO NIEVES, recurridos; EL PUEBLO DE PUERTO RICO, peticionario, *v.* HENRY APONTE ROSADO, recurrido; EL PUEBLO DE PUERTO RICO, peticionario, *v.* REMY MONTALVO NIEVES, acusado y recurrido.

*Números:* CC-2001-780 *Resueltos:* 5 de noviembre de 2003
CC-2001-790
CC-2002-660

*Roberto Sánchez Ramos*, procurador general, abogado del peticionario; *Pablo Colón Santiago* y *Ramón Hernández Rivera*, abogados de los recurridos.

El Juez Presidente Interino Señor Rebollo López emitió la opinión del Tribunal.

¿Prohíbe la Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, que el magistrado que determina causa probable para el arresto se base, exclusivamente, en las declaraciones juradas sometidas con la denuncia en situaciones en las cuales el imputado de delito grave *asiste* a la vista representado por abogado? ¿Tiene derecho el imputado de delito grave a obtener copia de tales declaraciones juradas en esa etapa de los procedimientos y previo a que dichos testigos se sienten a declarar por primera vez? Respondemos en la negativa. Veamos por qué.

I

Este Tribunal consolidó los recursos de epígrafe por presentar cuestiones de hecho y derecho similares, en particular, por estar relacionados con el procedimiento para determinar causa probable para el arresto bajo las disposiciones de la Regla 6(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. A continuación, exponemos una síntesis de los hechos fundamentales de los casos de epígrafe.

A. *Pueblo v. Irizarry Quiñones y otros*, Caso *Núm. CC–2001–780, y Pueblo v. Montalvo Nieves, Caso Núm. CC–2002–660*.

El Ministerio Público autorizó la presentación, ante el Tribunal de Primera Instancia, Sala Superior de Ponce, de quince denuncias contra Markus R. Irizarry Quiñones, de las cuales nueve fueron por actos lascivos e impúdicos,[1] cinco por exhibición de material nocivo a menores[2] y una por amenaza a testigos.[3] Los cargos por actos lascivos y exhibición de material nocivo fueron alegadamente come-

---

[1] Art. 105 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4067.

[2] Art. 115A del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4077a.

[3] Art. 239A del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4435a.

tidos contra varios menores de catorce años. Por otro lado, se presentaron ante el mismo foro judicial tres denuncias contra Ismael Cintrón Rosario por la alegada comisión de varios actos lascivos e impúdicos contra una menor de catorce años. En cuanto a Remy Montalvo Nieves, se presentó una denuncia por la alegada comisión del delito de violación técnica contra una menor de doce años de edad. Las referidas denuncias contra los tres imputados fueron sometidas en distintas fechas ante la juez municipal Elba Santiago en la Sala de Investigaciones de Ponce.(4)

El día de la vista para la determinación de causa probable para el arresto, *los imputados comparecieron debidamente representados por sus respectivos abogados.* Las denuncias fueron sometidas por agentes de la División de Delitos Sexuales, quienes habían realizado las investigaciones. Éstos indicaron al tribunal que los casos serían sometidos mediante declaraciones juradas de los agentes que habían efectuado la investigación y las declaraciones juradas de las alegadas víctimas; ello por instrucciones del fiscal que había autorizado la presentación de los casos ante el foro judicial y quien entendía procedente que éstas no declararan personalmente en esa etapa del procedimiento.

Los representantes legales de los imputados se opusieron a que los casos fueran sometidos, exclusivamente, a través de declaraciones juradas y alegaron que los acusados tenían derecho a contrainterrogar a las víctimas. El tribunal de instancia se negó a celebrar las vistas de determinación de causa probable para el arresto exclusivamente a base del examen de las mencionadas declaraciones juradas, requiriendo del Ministerio Público, además, la comparecencia personal de las alegadas víctimas a la vista con el propósito de que fueran contrainterrogadas por los imputados.

---

(4) En el caso del imputado Cintrón Rosario, la juez Elba Santiago decidió no intervenir en él y fue sometido ante la juez María Soledad Gil, perteneciente también a la Sala de Investigaciones de Ponce.

Inconforme con dichas determinaciones, el Procurador General presentó tres recursos de *certiorari* ante el Tribunal de Circuito de Apelaciones, los cuales fueron *consolidados* por dicho foro judicial. En dichos recursos se señaló que el tribunal de instancia había errado

> ... al requerir la comparecencia de la víctima menor de edad para que declarara en el procedimiento de determinación de causa probable para el arresto, a pesar de que en dicha etapa la Regla 6 de Procedimiento Criminal dispone que la determinación de causa probable se puede hacer a base de declaraciones juradas sometidas con la denuncia y no requiere la comparecencia personal de testigos. Petición de *certiorari*, pág. 3.

Luego de concedido un término para que los imputados mostraran causa por la cual no debía expedirse el recurso solicitado, el 31 de agosto de 2001 el foro intermedio apelativo acogió los recursos como *mandamus* y dictó sentencia. En síntesis, resolvió que cuando el Ministerio Público opta por someter su caso para determinar causa probable para el arresto, en presencia del imputado, no puede descansar únicamente en las declaraciones juradas de los testigos o alegadas víctimas, sino que tiene que traerlos a la vista para que sean contrainterrogados por la defensa. Determinó, además, que el Ministerio Público sólo puede someter el caso a base de declaraciones juradas cuando lo somete en ausencia del imputado sin citarlo para la vista. Por otro lado, sostuvo que los magistrados de instancia venían obligados a celebrar las vistas y llegar a una determinación. A esos efectos señaló que si el Ministerio Público insistía en no presentar a los testigos y las alegadas víctimas, debían determinar no causa. De acuerdo con el foro apelativo intermedio, la celebración de la referida vista constituye un deber ministerial, por lo que los magistrados no tenían discreción para decidir si celebrarlas o no. Finalmente, se ordenó la celebración de las vistas para determinar causa probable para el arresto en los tres casos de acuerdo con lo resuelto en dicha sentencia y conforme a la prueba que optara por presentar el Ministerio Público.

## B. *Pueblo v. Aponte Rosado, Caso Núm. CC–2001–790*

Por hechos supuestamente acaecidos el 17 de septiembre de 1999, el Ministerio Público presentó una denuncia contra Henry Aponte Rosado ante el Tribunal de Primera Instancia, Sala Municipal de Aibonito. Se le imputó una infracción al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2401, por la alegada posesión de cocaína con intención de distribuirla. La denuncia se basó principalmente en el testimonio del agente encubierto José R. Rivera Vélez, quien alegaba haber observado al imputado participar en transacciones relacionadas con el trasiego de drogas.

Luego de varias suspensiones, se celebró la vista de determinación de causa probable para el arresto, en la que fueron citados tanto el imputado como el agente encubierto. A pesar de la incomparecencia del agente Rivera Vélez, se celebró la vista en presencia del imputado, acompañado por su abogado, y presentándose como testigo de cargo al supervisor del agente encubierto, quien identificó al imputado y fue contrainterrogado por la defensa de éste. El tribunal de instancia *admitió* la declaración jurada del agente Rivera Vélez como prueba sustantiva, a lo que se opuso la defensa del imputado aduciendo que, debido a que éste había comparecido representado por abogado, debía celebrarse una vista adversativa en la que compareciera el agente para que pudiera ser contrainterrogado por el imputado. El planteamiento fue rechazado por el tribunal, por lo que el imputado solicitó que se le proveyera, en ese momento, copia de la declaración jurada del agente. Este reclamo también le fue denegado. Así las cosas, el foro primario determinó causa probable para el arresto del imputado Aponte Rosado.

Inconforme con esta determinación, el imputado acudió ante el Tribunal de Circuito de Apelaciones mediante un recurso de *certiorari* y una moción en auxilio de jurisdicción. Mediante resolución a esos efectos, el tribunal apelativo intermedio ordenó la paralización de los procedi-

mientos en el foro de instancia y le concedió al Procurador General un término para que mostrara causa por la cual no se debía expedir el recurso, revocar la resolución recurrida y devolver el caso al foro primario para brindarle la oportunidad al imputado de contrainterrogar a Rivera Vélez. El Procurador General así lo hizo.

El Tribunal de Circuito de Apelaciones dictó sentencia en la que *revocó* la determinación de causa probable para el arresto y devolvió el caso al foro de instancia para que reabriera "la vista de determinación de causa probable a fines de permitir al peticionario examinar la declaración jurada prestada por el agente Rivera y para que contrainterrogue a dicho testigo". Al así resolver, el foro apelativo dictaminó que en vista de que el imputado había sido citado y había comparecido representado por abogado, el procedimiento seguido en este caso era irregular, que se apartaba de las normas establecidas por el Tribunal Supremo de Puerto Rico. Manifestó que la Regla 6 de Procedimiento Criminal, *ante*, no autorizaba al Ministerio Público a combinar en una vista "híbrida" los dos procedimientos establecidos para la determinación de causa probable para arresto, a saber, el estudio de las declaraciones juradas y el examen bajo juramento de testigos.

Insatisfecho con la actuación del tribunal apelativo intermedio en los casos de epígrafe, el Procurador General acude —vía *certiorari*— ante este Tribunal. Alega que procede revocar las sentencias emitidas por el tribunal apelativo intermedio debido a que dicho foro incidió

> ... al resolver que si el Ministerio Público somete un caso para determinación de causa probable para el arresto citando al imputado, y éste comparece representado por abogado, no puede el fiscal o agente someter el caso a base de declaraciones juradas solamente, sino que tiene que producir a los testigos, quienes prestaron las declaraciones juradas, para ser contrainterrogados por la defensa. Petición de *certiorari*, págs. 3–4.

El 9 de noviembre de 2001 *expedimos* el recurso y con-

solidamos los casos de epígrafe.([5]) Contando con la comparecencia de todas las partes y estando en posición de resolver el recurso presentado, procedemos a así hacerlo. *Revocamos*; veamos por qué.

## II

Sabido es que la acción penal en nuestro ordenamiento jurídico se inicia con la determinación de causa probable para arrestar o al citarse a una persona para que responda ante los tribunales por la comisión de un delito. D. Nevares-Muñiz, *Sumario de Derecho Procesal Puertorriqueño*, 5ta ed. rev., San Juan, Ed. Inst. Desarrollo del Derecho, 1998, pág. 43; *Pueblo v. Jiménez Cruz*, 145 D.P.R. 803, 809–810 (1998). "[S]e trata de la presentación formal de una denuncia ante un tribunal, del proceso de determinación de causa probable para el arresto o citación, o de la conducción del arrestado ante un magistrado cuando se le arresta sin la orden correspondiente." E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1993, Vol. III, pág. 20. Es desde ese momento que el tribunal adquiere jurisdicción sobre la persona del imputado —*Pueblo v. Miró González*, 133 D.P.R. 813, 819 (1993)— y éste queda sujeto a responder (*held to answer*) por la comisión del delito en un juicio adversativo. Nevares-Muñiz, *op. cit.*, pág. 43.

La determinación de causa probable para el arresto constituye una *exigencia constitucional. Pueblo v. Jiménez Cruz*, ante, pág. 809; Chiesa Aponte, *op. cit.*, págs. 23–24. Nuestra Constitución claramente ordena que "[s]ólo se expedirán mandamientos autorizando ... arrestos por autoridad judicial, *y ello únicamente cuando exista causa probable apoyada en juramento o afirmación*, describiendo

---

([5]) Refiriéndonos, específicamente, al caso *Pueblo v. Montalvo Nieves*, Núm. CC–2002–660, éste fue consolidado mediante la Resolución de 13 de diciembre de 2002, ello por presentar hechos similares y exponer los mismos planteamientos que fueron levantados en los demás casos de epígrafe.

particularmente ... las personas a detenerse ...". (Énfasis suplido.) Art. II, Sec. 10, Const. E.L.A., L.P.R.A., Tomo 1, ed. 1999, pág. 311. Sin esta determinación de causa probable, el proceso judicial no puede continuar. Esto es, "[e]l imputado *no podrá ser sometido a juicio sin previa determinación judicial de causa probable*" para el arresto. (Énfasis suplido.) Chiesa Aponte, *op. cit.*, pág. 24.

■ A. Las Reglas 5 y 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, regulan esta etapa inicial del encausamiento criminal. *Pueblo v. Irizarry*, 156 D.P.R. 780 (2002). En lo aquí pertinente, el inciso (a) de la citada Regla 6 dispone, actualmente, que:

> *Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la denuncia o del examen bajo juramento del denunciante o sus testigos,* si algunos, constare que *hay causa probable* para creer que se ha cometido el delito por la persona o personas contra quienes se imputa, el magistrado expedirá la orden para el arresto de dichas personas, con excepción de lo dispuesto en la Regla 7(a). *La determinación de causa probable podrá estar fundada total o parcialmente en una declaración por información o creencia con suficiente garantía circunstancial de confiabilidad. ...*
>
> *El magistrado podrá también determinar causa probable para creer que se ha cometido un delito sin necesidad de que se presente ante él una denuncia cuando haya examinado bajo juramento a algún testigo o testigos que tuvieren conocimiento personal del hecho delictivo.* En tales casos, el magistrado, además de la expedición de la orden de arresto o citación, deberá levantar *un acta* concisa y breve en la que exponga los hechos del delito por el cual determina causa probable, la fecha, hora y sitio donde se cometieron, el delito imputado y el nombre y dirección del testigo o testigos examinados por él bajo juramento para determinar causa probable.
>
> *En esta determinación de causa probable el imputado tendrá derecho a estar asistido de abogado, a contrainterrogar a los testigos en su contra y a ofrecer prueba en su favor.* (Énfasis suplido.)

La referida regla ha sufrido varias enmiendas sustanciales a lo largo de los años, cuyo efecto ha sido ir alterando de tiempo en tiempo el esquema de determinación de causa probable para el arresto. Originalmente, las Reglas de Procedimiento Criminal de 1963 permitían la expedición de

una orden de arresto únicamente cuando se le presentaba al magistrado una denuncia jurada. Ley Núm. 87 de 26 de junio de 1963, Leyes de Puerto Rico, pág. 269.

Posteriormente, la Ley Núm. 29 de 19 de junio de 1987, Leyes de Puerto Rico, pág. 98, estableció un nuevo esquema que cambió el modo de determinar causa probable para el arresto. Uno de los cambios que introdujo fue permitir que el magistrado determinara causa probable examinando bajo juramento a algún testigo con conocimiento personal de los hechos, ello sin que fuera necesaria la presentación de una denuncia. En virtud de este nuevo esquema, se incorporó el tercer párrafo de la actual Regla 6 de Procedimiento Criminal, ante, para reconocerle al imputado el derecho a estar asistido por abogado, contrainterrogar los testigos que declararan en la vista y ofrecer prueba a su favor. El propósito era crear una "vista híbrida", de carácter adversativo, que sustituyera a la vista preliminar de la Regla 23 de Procedimiento Criminal, ante. En ella se combinaba la determinación de causa probable para el arresto con la de causa probable para acusar. Todo imputado de delito sometido a una "vista híbrida", al amparo de la Regla 6, ante, tenía los mismos derechos que uno sometido a una vista preliminar bajo la Regla 23 de Procedimiento Criminal, ante. Bajo este nuevo esquema, la vista preliminar no era necesaria en todo caso de delito grave, sino sólo en aquellos en que el magistrado de la vista de determinación de causa probable para el arresto no hubiese examinado testigos con conocimiento personal de los hechos, cuando se determinara causa en ausencia del imputado o cuando estuviera éste presente, pero sin la asistencia de un abogado. Exposición de Motivos de la Ley Núm. 29, ante, pág. 98; *Pueblo v. Rivera y Rodríguez*, 122 D.P.R. 862, 875 (1988).

Si bien esta reforma tuvo como fin agilizar el proceso judicial criminal, los resultados *no* fueron los esperados. El efecto práctico fue que el imputado de delito grave prefería no comparecer a la vista de determinación de causa probable para el arresto, y si lo hacía, no iba acompañado de

abogado. De este modo, "garantizaba" su derecho a una vista preliminar bajo la citada Regla 23. Exposición de Motivos de la Ley Núm. 26 de 8 de diciembre de 1990 (Parte 2) Leyes de Puerto Rico, pág. 1503. Véase, además, *Pueblo v. Rodríguez López*, 155 D.P.R. 894 (2001).

Respondiendo a esta situación, la Asamblea Legislativa aprobó en 1990 *la Ley Núm. 26*, ante, *la cual estableció el esquema que prevalece en la actualidad*, revirtiendo el procedimiento de determinación de causa probable al que imperaba antes de 1987. *Se adoptó, nuevamente, el concepto tradicional de una vista informal de determinación de causa probable para el arresto y se volvió a reconocer el derecho del imputado a la celebración de una vista preliminar en todo caso de delito grave.* 1990 (Parte 2) Leyes de Puerto Rico 1504–1505. Véase, además, *Pueblo v. Rivera Rivera*, 145 D.P.R. 366, 373 (1998). *A pesar de esto, los derechos reconocidos en el tercer párrafo de la citada Regla 6(a) que formaban parte del esquema que se derogó, inexplicablemente, no fueron eliminados.* Se ha sugerido que esa omisión se debió a una *inadvertencia* de la Legislatura. Íd.

Asimismo se ha expresado que el párrafo que consagra el derecho a contrainterrogar testigos y presentar prueba fue introducido por la Ley Núm. 29 de 19 de junio de 1987 como parte esencial del esquema para eliminar la vista preliminar en ciertos casos. *Pueblo v. Rodríguez López*, ante. "Eliminado tal esquema con la Ley Núm. 26 de 8 de diciembre de 1990, debió eliminarse también el tercer párrafo de la Regla 6(a)." Chiesa Aponte, *op. cit.*, págs. 26–27.

■ En *Pueblo v. Jiménez Cruz*, ante, manifestamos que habiendo quedado la referida regla redactada de ese modo "da la impresión de que el imputado puede reclamar el derecho absoluto a estar presente en esa vista, a contrainterrogar a los testigos en su contra y a ofrecer prueba a su favor; en cuyo caso, la vista se convertiría en un procedimiento adversativo similar al juicio". Íd., pág. 812. En aque-

lla ocasión expresamos, *y resolvimos, que dicha interpretación es contraria a la intención legislativa e incompatible con lo establecido en la Regla 6*, ante, en particular, en cuanto autoriza la celebración de la vista en ausencia del imputado.

■ A pesar de los cambios sufridos, la actual Regla 6(a), ante, no ha dejado de exigir el cumplimiento de los *requisitos* ordenados por nuestra Constitución, que son: la *intervención de la figura neutral de un magistrado*, la *existencia de causa probable*, que *la determinación de causa probable esté apoyada en juramento o afirmación*, y la *especificidad* de la orden. Chiesa Aponte, *op. cit.*, Vol. I, págs. 376–379.[6] En consecuencia, *lo esencial en la etapa de determinación de causa probable para el arresto es que se cumplan con estos requisitos, ello independientemente del método que se opte por utilizar de los establecidos y permitidos en la Regla 6*, ante.

B. Dentro de este marco doctrinal gira la controversia que hoy nos ocupa. Los recurridos plantean, apoyados por los respectivos dictámenes del foro apelativo intermedio, que bajo el procedimiento establecido en la Regla 6(a) no es posible determinar causa probable para el arresto descansando, exclusivamente, en declaraciones juradas cuando el imputado asiste a la vista acompañado de abogado. Arguyen que en esos casos el Ministerio Público está obligado a traer a los testigos para que la defensa los contrainterrogue. Aducen, además, que sólo se puede determinar causa probable para el arresto, basándose en declaraciones juradas, cuando la determinación se hace en ausencia del imputado. Esto es, plantean que la Regla 6(a), ante, prohíbe el que en una vista se combinen los distintos mecanismos para la determinación de causa probable allí provistos y sugieren que su uso varía dependiendo de si la

---

[6] Véase, además, E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1993, Vol. III, pág. 27.

vista se celebra en ausencia o presencia del imputado. *No les asiste la razón.*

■ La exigencia constitucional, de determinar causa probable bajo la Regla 6, ante, se refiere a un juicio de probabilidades. Chiesa Aponte, *op. cit.*, Vol. I, pág. 377.

> Lo importante es que en la vista de causa probable para el arresto se provean al magistrado los elementos para que éste pueda inferir la probabilidad de que: 1) se cometió determinado delito; y 2) el delito fue cometido por la persona contra la cual se determina causa probable. Chiesa Aponte, *op. cit.*, Vol. III, pág. 29. Véase, además, *Pueblo v. Jiménez Cruz*, ante, pág. 813.

La otra exigencia constitucional, que también surge del texto de la Regla 6(a), ante, es que la determinación de causa probable esté apoyada en declaraciones bajo juramento o afirmación. La citada Regla 6(a) provee que tales declaraciones juradas pueden surgir de la denuncia jurada, de las declaraciones juradas acompañadas con la denuncia o del testimonio bajo juramento del denunciante o de un testigo durante la vista. Chiesa Aponte, *op. cit.*, Vol. III, pág. 27.

■ *Vemos, pues, que lo trascendental es cumplir con la exigencia de determinar causa probable y que la misma esté fundamentada en juramento o afirmación.* El método mediante el cual se lleve a cabo dicha determinación es, realmente, algo secundario. Si examinamos detenidamente el texto de la Regla 6, ante, notamos que, contrario a lo que plantean los recurridos, en su inciso (a) no se hace una distinción entre los mecanismos a utilizarse cuando la determinación de causa probable se celebra en ausencia del imputado y los que se usarán cuando se efectúe en su presencia. Claro está, no hay duda de que esta etapa del procedimiento penal puede llevarse a cabo tanto en presencia como en ausencia del imputado, siendo la presencia del imputado la excepción. Lo usual es que la determinación de causa probable para el arresto sea un procedimiento o vista *ex parte*, en ausencia del imputado. Chiesa

Aponte, *op. cit.*, Vol. III, pág. 25; Nevares-Muñiz, *op. cit.*, pág. 44. No obstante, la letra clara de la regla parece indicar que los mecanismos allí provistos para determinar causa probable para el arresto aplican *independientemente* de que la vista se celebre en ausencia o en presencia del imputado.

Si examinamos la citada Regla 6(a), *en su primer párrafo y primera oración*, observamos que se presentan las tres formas o métodos a través de los cuales se puede determinar causa probable para el arresto. Éstos son: (1) el examen de la denuncia jurada, (2) el examen de declaraciones juradas sometidas con la denuncia, o (3) el examen bajo juramento del denunciante o sus testigos. Por otro lado, *en la segunda oración de la referida regla* se permite que el magistrado determine causa probable para el arresto, descansando total o parcialmente en declaraciones que no requieren estar sustentadas en conocimiento personal, sino que pueden apoyarse en información o creencia con suficiente garantía circunstancial de confiabilidad. En el segundo párrafo del inciso (a) de la regla se reconoce que la determinación de causa probable no requiere, en todo caso, la presentación de una denuncia, sino que será suficiente el examen bajo juramento de uno o varios testigos que posean conocimiento personal de los hechos.

Tenemos, pues, que considerada la Regla 6(a), ante, en conjunto *se permiten, como mecanismos para determinar causa probable, el examen de la denuncia jurada, de las declaraciones juradas sometidas con la denuncia y de testigos bajo juramento, ello independientemente de que el imputado se encuentre o no presente en la vista. No debemos establecer restricciones o limitaciones, ni hacer distinciones que la propia regla no impone.*

Por otro lado, y contrario a lo planteado por los recurridos, *la Regla 6(a)*, ante, *tampoco prohíbe que al determinar causa probable para el arresto se combinen dos o más de estos mecanismos.*

Somos del criterio que la utilización, al some-

terse un caso al amparo de la citada Regla 6, de dos o más de los mecanismos establecidos en dicha regla, *no sólo facilita la labor del magistrado de determinar causa probable, sino que hace que dicha determinación tenga un grado mayor de corrección o certeza.* No vemos, en consecuencia, razón lógica o jurídica alguna por la cual impedirlo; menos aún cuando tomamos en consideración el hecho de que la citada regla no lo prohíbe.

En resumen, resolvemos que la Regla 6 de Procedimiento Criminal, ante, provee varias alternativas para determinar causa probable, *a saber*, a base de:

(1) la denuncia jurada;

(2) la denuncia y las declaraciones juradas que se incluyan con la denuncia;

(3) la denuncia y el examen del testimonio del denunciante o sus testigos;

(4) las declaraciones juradas que se incluyan con la denuncia;

(5) las declaraciones juradas que se incluyan con la denuncia y el examen del testimonio del denunciante o sus testigos;

(6) el testimonio del denunciante o algún testigo con conocimiento personal del hecho delictivo;

(7) la denuncia, las declaraciones juradas que se incluyan con la denuncia y el examen del testimonio del denunciante o sus testigos.

■ Resolvemos, además, que estas siete alternativas podrán utilizarse tanto en casos donde la vista se celebre en presencia del imputado como cuando se efectúe en ausencia de éste.

C. Por otro lado, y en relación con la situación en que la determinación de causa probable para el arresto se realiza en presencia del imputado, resulta necesario expresarnos sobre el alcance del tercer párrafo de la Regla 6(a), ante, el cual reconoce el derecho del imputado a estar asistido por abogado, contrainterrogar testigos y presentar prueba a su favor. Como ya vimos, el que la Legislatura

mantuviera ese párrafo, aun cuando se derogó el esquema de 1987 que justificaba el reconocimiento de estos derechos, realmente parece haber sido una inadvertencia de su parte. Esto nos deja dos alternativas: eliminarlo judicialmente o interpretarlo de modo que sea armonizable con el nuevo esquema creado por las enmiendas de 1990. Nos inclinamos por la segunda alternativa, ya que la primera rebasaría los límites del poder judicial.

█ Ya hemos manifestado que "[e]n ausencia de pronunciamiento en contrario de la Asamblea Legislativa, estos vestigios del procedimiento anterior sólo se reconocen si la determinación de causa probable [para el arresto] se hace en presencia del acusado y representado por abogado ...". *Pueblo v. Rivera Rivera*, ante, pág. 375. Del mismo modo, hemos dispuesto que estos derechos reconocidos en el tercer párrafo de la Regla 6(a), ante, *no son absolutos* y el *derecho del imputado a contrainterrogar* los testigos en su contra en esa etapa del procedimiento criminal *depende de la discreción del tribunal*. Véase *Pueblo v. Rodríguez López*, ante.

█ Lo que no debe ocurrir, *y lo que intentamos evitar*, es que la vista de determinación de causa probable para el arresto adquiera el alcance y la formalidad de una vista preliminar o se convierta en un "mini-juicio".(7) *Pueblo v. Rodríguez López*, ante. Véase, además, Chiesa Aponte, *op. cit.*, Vol. III, págs. 54 y 56. Ya el imputado tendrá la oportunidad de ejercer plenamente sus derechos de carearse con los testigos en su contra, obtener la comparecencia compulsoria de testigos y presentar prueba a su fa-

---

(7) En el propio historial legislativo de la Ley Núm. 29 de 19 de junio de 1987, Leyes de Puerto Rico, pág. 98, que enmendó la citada Regla 6 para incluir el tercer párrafo, se dijo que:

"Las exigencias en esta etapa no deben confundirse con las exigencias de juicio en que las víctimas o testigos pueden ser llamados a testificar y están sujetos a contrainterrogatorios. Esto es así porque para la determinación de culpabilidad la prueba es mayor a la que se requiere en procedimientos preliminares." Informe del Senado, P. del S. 1114, 11ma Asamblea Legislativa, 3ra Sesión Ordinaria, 29 de abril de 1987, pág. 4.

vor en el juicio, que es el "momento realmente culminante y crítico", donde esos derechos tienen rango constitucional. *Pueblo v. Vega Rosario*, 148 D.P.R. 980, 986 (1999); *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653, 660 (1985). Por otra parte, el imputado de delito grave tendrá, además, una oportunidad adicional previa al juicio para ejercer esos derechos en la etapa de vista preliminar. *Pueblo v. Jiménez Cruz*, ante, pág. 813. Cónsono con lo anterior, consideramos acertado lo señalado por la profesora Resumil cuando, refiriéndose al alcance que se le debe otorgar a estos derechos bajo la citada Regla 6, comenta:

> [A]unque la disposición concede al imputado la facultad para contrainterrogar a testigos de cargo y ofrecer prueba a su favor, *la jurisprudencia no lo ha considerado como un derecho absoluto a contrainterrogar testigos con la excepción de aquellos que el fiscal haya sentado a declarar en la vista.*[8] (Énfasis suplido.)

▮▮ De lo anteriormente expuesto colegimos que, en etapa de Regla 6(a), ante, los derechos establecidos en el tercer párrafo *sólo* se reconocerán cuando el imputado comparezca a la vista acompañado de abogado. Estos derechos *no* serán absolutos, sino limitados y sujetos a la discreción del tribunal. En particular, el derecho a contrainterrogar testigos se limitará a que el fiscal haya sentado a alguno a declarar en la vista. Con el propósito de armonizar el tercer párrafo de la citada Regla 6(a) con lo resuelto previamente, disponemos que su alcance será el siguiente:

(i) Cuando la vista se celebre en *presencia del imputado*:

(a) Si el fiscal o agente *no presenta testigos* y descansa exclusivamente en la denuncia o en declaraciones juradas, *el derecho del imputado se limitará a estar asistido por abogado y a presentar prueba a su favor.*

(b) Si el fiscal o agente *examina testigos*, independientemente de que se presente, además, una denuncia o unas declaraciones juradas, *el imputado tendrá derecho a la asisten-*

---

[8] O.E. Resumil, *Práctica jurídica de Puerto Rico: derecho procesal penal*, San Juan, Ed. Equity Pub. Co., 1990, T. 1, pág. 23.

*cia de abogado, a contrainterrogar a esos testigos y a presentar
prueba a su favor.*
(ii) Cuando la vista se celebre en *ausencia del imputado*:
(a) En este caso *no se activan los derechos del tercer párrafo
de la Regla 6(a) de Procedimiento Criminal,* ante, y el fiscal o
agente podrá someter el caso utilizando cualquiera de las siete
alternativas que ya mencionamos.

Lo antes expuesto nos lleva a la conclusión de que en los
casos de epígrafe el Ministerio Público actuó correctamente
en el modo de someter los casos al amparo de la Regla 6,
ante. En *Pueblo v. Irizarry Quiñones y otros,* Caso Núm.
CC–01–780, y en *Pueblo v. Montalvo Nieves,* Caso Núm.
CC–02–660, se sometieron los casos exclusivamente a base
de declaraciones juradas incluidas con la denuncia, y en
*Pueblo v. Aponte Rosado,* Caso Núm. CC–01–790, se "com-
binó" el uso de declaraciones juradas y el examen de un
testigo de cargo. Como vimos, estos mecanismos están per-
mitidos por la Regla 6(a), ante, aun cuando las vistas se
hayan celebrado en presencia de los imputados.

En los primeros dos casos, los imputados tenían derecho
a presentar prueba a su favor, mas no a contrainterrogar,
pues ningún testigo de cargo declaró en dicha vista. El fis-
cal no tenía la obligación de presentar a testigo alguno, ya
que en esa etapa del procedimiento criminal el Estado debe
tener la libertad de escoger la manera en que va a someter
su caso sujeto a los límites de la referida Regla 6 de Proce-
dimiento Criminal. Claro está, el magistrado tiene la facul-
tad de ordenar la citación de cualquier persona que no esté
presente para que sea examinado por el tribunal si así lo
considera necesario. Véase *Pueblo v. Irizarry,* ante. En el
caso *Pueblo v. Aponte Rosado,* ante, donde se utilizaron dos
de los mecanismos permitidos, el imputado tenía derecho a
presentar prueba a su favor y a contrainterrogar al testigo
que declaró, derechos que éste tuvo la oportunidad de ejer-
cer en la vista.

En virtud de lo antes expuesto, resolvemos que erró el
Tribunal de Circuito de Apelaciones en la sentencia que
emitiera en cuanto a todos los casos de epígrafe.

## III

Debemos ahora resolver si los imputados de delito grave, en etapa de la referida Regla 6 de Procedimiento Criminal, tienen derecho a examinar y obtener copia de las declaraciones juradas que se sometieron en la vista de causa probable para el arresto.

Es por todos sabido que el derecho que tiene un imputado a defenderse en un proceso criminal conlleva el derecho a informarse debidamente en la preparación de su defensa y a obtener, mediante el descubrimiento de prueba, evidencia que pueda favorecerle. *Pueblo v. Arocho Soto*, 137 D.P.R. 762, 766 (1994); *Pueblo v. Rodríguez Sánchez*, 109 D.P.R. 243, 246 (1979). Si bien el derecho al descubrimiento de prueba es consustancial al derecho que tiene el imputado de defenderse,([9]) *éste no es absoluto. Pueblo v. Arocho Soto*, ante; *Pueblo v. Rodríguez Aponte*, ante, pág. 668; *Pueblo v. Dones Arroyo*, 106 D.P.R. 303, 314 (1977). El descubrimiento de prueba a favor del acusado está limitado por la Regla 95 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, ello con el fin de evitar las llamadas "expediciones de pesca" en el sumario y los archivos de fiscalía que, como hemos reiterado, están prohibidas.([10]) Asimismo, hemos expresado que

[e]l descubrimiento de prueba que rebasa el texto de la citada Regla 95 y busca apoyo en el debido proceso de ley no es recurso a invocarse livianamente. Está muy lejos de ser patente de corso que en forma indiscriminada permita la intrusión en los archivos de fiscalía, ni que facilite al acusado cuanta evidencia pueda relacionarse con el caso criminal. *Pueblo v. Rodríguez Sánchez*, ante, págs. 246–247.

---

([9]) Véanse: *Pueblo v. Echevarría Rodríguez I*, 128 D.P.R. 299, 324 (1991); *Pueblo v. Arocho Soto*, 137 D.P.R. 762, 766 (1994).

([10]) Véanse: *Pueblo v. Echevarría Rodríguez I*, ante; *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653, 669 (1985); *Pueblo v. Romero Rodríguez*, 112 D.P.R. 437, 440 (1982); *López v. Tribunal Superior*, 79 D.P.R. 498, 504–505 (1956); Chiesa Aponte, *op. cit.*, Vol. II, pág. 33.

■ La referida Regla 95 establece que la obligación del fiscal de descubrir información o evidencia a la defensa se activa con la presentación del pliego acusatorio, esto es, con la denuncia en caso de delito menos grave o con la acusación en casos de delito grave. Chiesa Aponte, *op. cit.*, Vol. III, pág. 320. Provee esta regla, en lo aquí pertinente, que previa moción del acusado el tribunal ordenará al fiscal el descubrimiento de

> [c]ualquier declaración jurada de los testigos de cargo que hayan declarado en la vista para determinación de causa probable para el arresto o citación, en la vista preliminar, en el juicio o que fueron renunciados por el Ministerio Fiscal y los récords de convicciones criminales previas de éstos.[11]

■ Este Tribunal, desde *Pueblo v. Ribas*, 83 D.P.R. 386 (1961), y *Pueblo v. Delgado López*, 106 D.P.R. 441 (1977), ha establecido que un imputado tiene derecho a obtener copia de cualquier declaración, sea o no jurada, de un testigo de cargo si la solicita *luego* de que éste haya prestado testimonio, *derecho que se activa una vez finaliza el examen directo y antes de comenzar el contrainterrogatorio.* Véanse, además: *Pueblo v. Rodríguez López*, ante; *Pueblo v. Rivera Rivera*, ante, pág. 376; *Pueblo v. Rivera Rodríguez*, 138 D.P.R. 138, 144 (1995). A igual conclusión llega el profesor Chiesa al comentar que

> ... la regla provee para que el Ministerio Fiscal sólo tenga que descubrir a la defensa las declaraciones juradas de los testigos de cargo *luego de que éstos declaren por primera vez en alguna etapa de los procedimientos.* (Énfasis suplido.)[12]

■ Ello se basa en que el propósito de las declaraciones juradas es servir de herramienta para que el imputado pueda impugnar, a través del contrainterrogatorio, la credibilidad del testimonio ofrecido por el testigo. Mientras el testigo no declare, no surge la necesidad de contrainterrogarlo ni de impugnarlo, por lo que no habría motivo

---

[11] 34 L.P.R.A. Ap. II, R. 95(a)(2).

[12] Chiesa Aponte, *op. cit.*, Vol. III, pág. 324.

para proveerle al imputado copia de la declaración antes de que ello ocurra. Es por eso que no es hasta que el testigo declara que surge el derecho a obtener la declaración jurada. *Pueblo v. Ramos Cruz*, 84 D.P.R. 563, 569 (1962).

Tenemos, pues, que un imputado tiene derecho a obtener copia de las declaraciones juradas de los testigos de cargo que hayan declarado en vista preliminar, luego de finalizado el examen directo. *Pueblo v. Rodríguez López*, ante; *Pueblo v. Rivera Rodríguez*, ante, pág. 144; Regla 23(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Además, luego de presentada la acusación, el imputado de delito grave tiene derecho a solicitar las declaraciones juradas de los testigos que se sentaron a declarar: (i) en la vista de determinación de causa probable para el arresto o citación; (ii) en la vista preliminar, si aún no las tuviere, y (iii) de los testigos quienes, aun sin haber declarado, fueron renunciados por el fiscal por constituir prueba acumulativa. *Pueblo v. Rodríguez López*, ante; *Pueblo v. Rivera Rodríguez*, ante; *Pueblo v. Quiñones Ramos*, 99 D.P.R. 1, 6 (1970).

Particularmente, en el reciente caso *Pueblo v. Rodríguez López*, ante, manifestamos que no se le debe reconocer al imputado el derecho a descubrir prueba en una etapa tan temprana como lo es la Regla 6, ante.[13] Por otra parte, en *Pueblo v. Rivera Rivera*, ante, con hechos muy similares a los del presente caso, *resolvimos que el imputado de delito grave no tiene derecho a obtener copia de las declaraciones juradas que sirvieron de base para la determinación de causa probable para el arresto antes de que los declarantes testifiquen por primera vez en alguna de las etapas posteriores significativas del proceso*

---

[13] En dicho caso decidimos, además, que ni las Reglas de Procedimiento Criminal ni su jurisprudencia interpretativa reconocen el derecho del acusado a obtener las declaraciones juradas de los testigos examinados en la vista de causa probable para el arresto, antes de que éstos declaren por primera vez en vista preliminar o se presente el pliego acusatorio.

*criminal, tales como la vista preliminar o el juicio.* Íd., pág. 377.

A igual resultado debemos llegar en el caso que hoy nos ocupa. Los imputados de los casos de epígrafe no tienen derecho, en esta etapa inicial del proceso criminal, a examinar ni a obtener copia de las declaraciones juradas que fueron sometidas en la vista de determinación de causa probable para el arresto. Ello, independientemente de que estuvieron presentes en la referida vista. Al no declarar en dicha vista los testigos que ofrecieron las declaraciones juradas, el uso de las declaraciones juradas resulta innecesario en esa etapa.

 Si bien es cierto que en ocasiones la defensa podría tener acceso a las declaraciones juradas antes del momento dispuesto en la regla, *ello si demuestra la existencia de circunstancias especiales con apoyo en el debido proceso de ley,*[14] en este caso *no* se nos ha presentado un planteamiento *constitucional* que nos persuada. El mero hecho de no entregar al imputado copia de una declaración jurada prestada por el fiscal, sin tomar en consideración los hechos particulares del caso bajo estudio, *no infringe automáticamente los preceptos básicos del debido procedimiento de ley.* Véase *Pueblo v. Martell Cajigas,* 88 D.P.R. 636 (1963). En el presente caso *no* se ha demostrado daño específico *ni* perjuicio alguno, según lo exigido por nuestra jurisprudencia —*Pueblo v. Hernández Santana,* 138 D.P.R. 577, 587–588 (1995)— sino el mero hecho de no haberle provisto copia de las declaraciones juradas cuando el imputado lo requirió. *Ello por sí solo no es suficiente.*

Entendemos que los imputados, conforme los hechos específicos de sus respectivos casos, *no* han sufrido menoscabo alguno en su derecho al debido proceso de ley. Éstos tienen aún por delante varios mecanismos disponibles para impugnar cualquier irregularidad en el arresto o en la etapa de Regla 6, ante, como lo es la vista preliminar,

---

[14] Véanse: *Pueblo v. Rodríguez López,* 155 D.P.R. 894 (2001); Chiesa Aponte, *op. cit.,* Vol. III, pág. 329.

que como es sabido es un mecanismo inicial para cotejar la validez del arresto[15] y, posteriormente, la moción de desestimación bajo la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.[16] No hay duda de que el remedio solicitado por los imputados recurridos estará disponible en vista preliminar, siendo "es[e] el momento más oportuno para que el imputado procure impugnar y contrainterrogar a los testigos en su contra", *Pueblo v. Rodríguez López*, ante, pág. 905, así como también lo tendrán bajo el mecanismo de descubrimiento de prueba dispuesto en la Regla 95, ante, una vez se presente el pliego acusatorio.

## IV

En mérito de lo antes expuesto, *procede decretar la revocación de las sentencias emitidas en el presente caso por el Tribunal de Circuito de Apelaciones. Con relación a los casos de epígrafe "Pueblo v. Irizarry Quiñones y otros", y "Pueblo v. Montalvo Nieves", en los cuales no se llegó a determinación alguna bajo la citada Regla 6, ordenamos que, para cada uno de los imputados, se celebre una vista de determinación de causa probable para el arresto de acuerdo con el mecanismo elegido por el Ministerio Fiscal de los permitidos por la Regla 6, ante, y conforme a lo anteriormente resuelto. Devolvemos los casos al Tribunal de Primera Instancia para que continúen los procedimientos de forma compatible con lo aquí resuelto.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rivera Pérez no intervino.

---

[15] Véanse: *Pueblo v. Rivera Rivera*, ante, pág. 374; *Pueblo v. Rogríguez Aponte*, ante, pág. 666.

[16] En ella tendrían que demostrar que no se determinó causa probable para el arresto conforme a derecho. 34 L.P.R.A. Ap. II, R. 64(p).