EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Héctor Rafael Ponce Ayala<br><br><br><br>Ex Parte | Certiorari<br><br>2010 TSPR 82<br><br>179 DPR ____ |

Número del Caso: CC-2010-302

Fecha: 2 de junio de 2010

Tribunal de Apelaciones:

      Región Judicial de Bayamón y San Juan

Jueza Ponente:     Hon. Aleida Varona Méndez

Oficina de la Procuradora General:

      Lcda. María T. Caballero García

Abogado de la Parte Recurrida:

      Lcdo. José E. Arzola Méndez

Materia: Habeas Corpus

**\*\*\* PARA VER LA OPINIÓN Y SENTENCIA DE ESTE CASO VÉASE LA OPINIÓN NÚMERO 2010TSPR73 \*\*\***

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Héctor Rafael Ponce Ayala


Ex parte                            CC-2010-0302



Opinión Concurrente emitida por el Juez Presidente señor HERNÁNDEZ DENTON


En San Juan, Puerto Rico, a 2 de junio de 2010.

Concurrimos con el resultado de la decisión del Tribunal en el caso de epígrafe en cuanto determina que el periodo máximo de seis meses de detención preventiva dispuesto en la Sección 11 del Artículo II de la Constitución de Puerto Rico comienza a transcurrir cuando un imputado es ingresado a una institución carcelaria por razón de no haber prestado la fianza que se le impuso tras haberse encontrado causa probable para el arresto. Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1. No obstante, no estamos de acuerdo con los fundamentos allí expuestos por entender que éstos son producto de un enfoque desmesurado en la definición de "detención preventiva", sin ésta ser propiamente contextualizada. Veamos.

I.

Consideramos que la solución a la controversia de autos se desprende de una lectura somera de la propia Constitución. Al realizar dicho ejercicio salta a la vista que la activación de todas las garantías contenidas en la Sec. 11, Art. II, incluyendo el derecho aquí en controversia, está necesariamente condicionada a que haya comenzado un proceso criminal. Ello, como es conocido, sólo ocurre una vez una autoridad judicial emite una determinación de causa probable para el arresto. Dicha determinación es una condición necesaria para que una persona pueda exigir las garantías y los derechos de la Sec. 11, Art. II, y marca el comienzo del periodo durante el cual podrá hacerlo. Por ende, entendemos que estas garantías no tienen efecto alguno antes de ese momento.

La Sec. 11, Art. II de la Constitución indica que, "**[e]n todos los procesos criminales, el acusado disfrutará de**…". (Énfasis suplido). *Íd*. El resto de la sección citada instituye las garantías y derechos que cobijan a los imputados en procesos criminales. Éstos son los derechos a: juicio rápido y público; ser informado de lo que se imputa; carearse con los testigos de cargo; la citación compulsoria de los testigos de defensa; asistencia de abogado; presunción de inocencia; juicio por jurado en casos de delitos graves; no ser obligado a auto-incriminarse; que su silencio no sea utilizado en su contra ni comentado; la protección contra la doble exposición; quedar en libertad bajo fianza; que la

detención preventiva antes del juicio no exceda de seis meses; que las multas y fianzas no sean excesivas, y; no ser encarcelado por deuda. Del texto de la referida disposición se desprende que todos y cada uno de estos derechos y garantías pertenecen al ámbito de los procedimientos criminales.[1]

Como indicamos, **los procesos criminales en nuestra jurisdicción inician una vez se determina judicialmente que existe causa probable para un arresto**. Pueblo v. Rivera Santiago, res. el 24 de agosto de 2009, 2009 T.S.P.R. 136; Pueblo v. Guzmán, 161 D.P.R. 137, 152 (2004). Es necesario que "el tribunal adquier[a] jurisdicción sobre la persona del imputado" para que ello ocurra. (Cita omitida). Pueblo v. Guzmán, *supra*, pág. 153.

Por su parte, la Sección 10 del Artículo II de la Constitución de Puerto Rico exige que las órdenes de arresto, al igual que las de registros y allanamientos, sean emitidas por una **autoridad judicial**. Art. II, Sec. 10, Const. E.L.A., *supra*. Dicha sección otorga a todos los ciudadanos una protección contra actuaciones irrazonables por parte del Estado. Esta protección es especialmente relevante durante lo que se conoce como la etapa investigativa, cuando el Estado interviene o intenta intervenir con alguna persona para

---

[1] Evidentemente, algunos de estos derechos pueden ejercerse por ciudadanos que no se encuentren enfrentando un procedimiento criminal. Ello puede ser en virtud de otra disposición constitucional o de una disposición estatutaria. Así, por ejemplo, el derecho a asistencia de abogado durante la vista de Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, emana de dicha regla, pues, recalcamos, en ese momento aún no ha iniciado el proceso criminal.

esclarecer o detener la comisión de un delito. Una orden de arresto, es decir, una orden judicial para que una persona sea puesta a disposición de un tribunal, debe cumplir con determinados criterios mínimos constitucionales y marca el fin de la etapa investigativa. Éstos requieren que una orden de arresto de un ciudadano: (1) sea expedida por autoridad judicial; (2) esté basada en causa probable; (3) esté apoyada tal causa probable en una declaración jurada y; (4) sea específica en cuanto a la persona a ser arrestada. Pueblo v. Irrizary, 160 D.P.R. 554, 559 (2003), citando a E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1993, Vol. III, pág. 20.

La Regla 6 de Procedimiento Criminal provee un procedimiento estatutario en el que se busca asegurar que la orden que se emita cumpla estas exigencias mínimas. 34 L.P.R.A. Ap. II, R. 6. Esto, pues, la Constitución no exige que se observe un procedimiento específico. Pueblo v. Irizarry, supra, pág. 559. A tenor de la Regla 6, un magistrado examina la denuncia jurada, las declaraciones juradas o los testigos bajo juramento y, de quedar convencido de que existe causa probable para creer que el sospechoso en cuestión ha cometido el delito que se le imputa, emite una orden de arresto contra éste y le impone una fianza. 34 L.P.R.A. Ap. II, R. 6. Una vez esto ocurre, da inicio el procedimiento criminal y la persona contará con la protección de todos los derechos contenidos en la Sec. 11, Art. II.

Lo anterior, por supuesto, no significa que no se pueda arrestar a una persona sin una orden de arresto emitida por una autoridad judicial. Nuestro ordenamiento permite que se pueda determinar causa probable para el arresto de una persona después que ya la persona ha sido detenida por un agente del orden público. 34 L.P.R.A. Ap. II, R. 11. Una vez un agente arresta a un ciudadano debe conducirlo sin dilación irrazonable ante un magistrado. Dicha exigencia constitucional también ha sido plasmada estatutariamente. 34 L.P.R.A. Ap. II, R. 22(a). Hemos resuelto que en nuestra jurisdicción, donde hay salas y jueces de turno que pueden atender los casos a cualquier hora, una dilación que exceda de treinta y seis horas se presumirá injustificada. Pueblo v. Aponte, 167 D.P.R. 578, 584-585 (2006).

La razón por la cual se requiere la conducción pronta de un arrestado ante un magistrado es que un arresto sin orden se presume irrazonable. Ello, pues, a pesar de que un agente del orden público ha determinado que tiene motivos fundados para realizarlo, no ha mediado una determinación previa de causa probable por parte de una **autoridad judicial**, que es lo que exige la Constitución para privar válidamente a una persona de su libertad. E.L. Chiesa, Derecho Procesal Penal: Etapa Investigativa, Estados Unidos, Publicaciones JTS, 2006, pág. 168. Cuando el agente conduce al arrestado ante un magistrado y se celebra una vista al amparo de la Regla 6, éste debe determinar si existe causa probable para el arresto.

Asimismo, en el pasado hemos dicho que la referida determinación judicial de causa probable convalida el arresto efectuado previamente. Pueblo v. Aponte, *supra*, pág. 583. Sin embargo, no es hasta que el magistrado hace dicha determinación, que a fin de cuentas es nueva e independiente, que inicia el procedimiento criminal. El efecto de la determinación de causa probable, es decir, el inicio de la acción penal, no se retrotrae al momento del arresto, pues sólo una determinación judicial puede ordenarlo. De hecho, en nuestro ordenamiento sólo una determinación de causa probable para el arresto interrumpe el término prescriptivo de la acción penal, independientemente de si se arrestó ya a la persona o no. Artículo 101 del Código Penal de 2004, 33 L.P.R.A. sec. 4729.

## II.

De todo lo anterior se desprende que un análisis pausado e integrado de la propia Constitución y de los principios básicos del funcionamiento de nuestro ordenamiento procesal criminal revela la forma correcta de fundamentar la solución a la controversia que presenta este caso. Una vez se reconoce que la Sec. 10, Art. II protege a todos los ciudadanos contra intervenciones indebidas por parte del Estado durante lo que se conoce como la etapa investigativa, y que dichas intervenciones sólo pueden ser sancionadas por la autorización judicial que da inicio a la acción penal y activa las protecciones de la Sec. 11, Art. II, la solución de la controversia ante nos se cristaliza.

Dicho análisis revela que la garantía que protege a los ciudadanos de permanecer detenidos preventivamente más de seis meses en espera de juicio por no haber prestado la fianza, se activa con la determinación de causa probable para el arresto. Es en ese momento que el tribunal asume jurisdicción sobre una persona y ésta queda sujeta a un procedimiento criminal en espera del juicio. Una vez una persona se encuentra en espera de juicio, se le impondrá una fianza la cual deberá prestar para quedar en libertad. De no prestarla será ingresado y es entonces que comienza a transcurrir el término de seis meses. Dicho término no podrá comenzar a transcurrir antes del inicio de la acción penal, pues en ese momento no se ha activado la garantía en cuestión.

Es nuestro criterio que la Opinión del Tribunal adolece de un problema fundamental en tanto se enfoca excesivamente en el significado literal de la frase "detención preventiva", sin contextualizarla dentro de la propia Sec. 11, Art. II de la Constitución, así como dentro del marco de las protecciones constitucionales y del inicio de la acción penal. No reconocer el ámbito de aplicación de la Sec. 11, Art. II, en relación con el de la Sec. 10, Art. II, y concebir la controversia como un asunto relativo a las posibles definiciones de una frase redunda inevitablemente en un análisis superficial. Tampoco podemos estar de acuerdo con las Opiniones Disidentes en tanto éstas adolecen del mismo enfoque desmesurado en la frase "detención preventiva" o

aseveran que el resultado en este caso es contrario a derecho. La Constitución debe concebirse como un cuerpo normativo cuyas dimensiones están intrínsecamente entrelazadas. Un análisis dirigido por dicha visión, a nuestro entender, revela prontamente los fundamentos adecuados para sostener la decisión que se emitió.

De hecho, nuestro criterio coincide con el del Comité Asesor Permanente de Reglas de Procedimiento Criminal, adscrito al Secretariado de la Conferencia Judicial y Notarial de esta Curia, el cual ha sometido en su propuesta de Reglas de Procedimiento Penal una norma que coincide precisamente con el resultado en este caso. Dicho comité está compuesto por reconocidos miembros de la judicatura, la academia, abogados de defensa, fiscales y juristas con conocimiento amplio sobre los derechos constitucionales que operan en el ámbito del derecho procesal penal. Las reglas propuestas, así como los comentarios que las acompañan, se encuentran en este momento ante la evaluación de este Tribunal.

La Regla 1014(A)(1) propuesta define detención preventiva como, "la efectiva privación de libertad de una persona **imputada de delito** en una institución penitenciaria del Estado Libre Asociado de Puerto Rico". (Énfasis suplido). Regla 1014 Propuesta, Proyecto de Reglas de Procedimiento Penal, diciembre 2008, Sec. Conf. Judicial y Notarial, pág. 139. Por su parte, la Regla 1014(C) dispone que "[e]l plazo de seis meses comenzará a transcurrir desde el día en que la

persona imputada es **arrestada por no prestar la fianza.**" (Énfasis suplido). *Íd.*, pág. 140. Cabe destacar que dicha regla también dispone que una persona que estime que ha permanecido encarcelada más de seis meses en espera de juicio deberá presentar una moción a esos efectos que será resuelta, luego de la celebración mandatoria de una vista, por el juez o jueza que presida el proceso penal. *Íd.*, págs. 140-141. Por lo tanto, ya no estará disponible el recurso de *habeas corpus.* Véase Comentarios al Proyecto de Reglas de Procedimiento Penal, diciembre 2008, Sec. Conf. Judicial y Notarial, págs. 810-816.

En fin, entendemos que una lectura del texto constitucional, así como la aplicación de nuestro derecho procesal criminal, indican que el término máximo de seis meses de detención preventiva comienza a transcurrir una vez un imputado es ingresado a prisión por no prestar la fianza impuesta. Por ello, concurrimos con la decisión del Tribunal.

III.

A modo de epílogo, debemos señalar un asunto que nos preocupa profundamente. Tras certificarse la decisión, la Secretaria del Tribunal nos remitió el expediente. Nos percatamos entonces, para nuestra sorpresa, que en ningún momento durante el trámite del recurso se expidió el auto de *certiorari*. Esto, a nuestro juicio, provoca serias dudas sobre la eficacia de la decisión mediante la cual se revocó la sentencia emitida por el Tribunal de Apelaciones y se

ordenó la detención inmediata del Sr. Héctor Rafael Ponce Ayala. Veamos el tracto procesal de este caso ante nos.

El 12 de abril de 2010 el Ministerio Público presentó un recurso de *certiorari* y una moción en auxilio de jurisdicción en la que nos solicitó que revocáramos la sentencia del Tribunal de Apelaciones que decretó la excarcelación de Héctor Rafael Ponce Ayala. Dos días después, ordenamos a Ponce Ayala que, no más tarde de las cuarenta y ocho horas siguientes a la notificación de dicha orden, mostrara causa por la cual no debíamos "expedir el auto de *certiorari* y revocar la sentencia objeto de este recurso". Resolución del Tribunal de 14 de abril de 2010.

Como es sabido, el Artículo 3.002 de la Ley Núm. 201 de 22 de agosto de 2003, conocida como la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, dispone los asuntos sobre los cuales este Tribunal tendrá competencia. Entre éstos se encuentran aquellos relacionado con las sentencias o resoluciones del Tribunal de Apelaciones "**[m]ediante auto de *certiorari*, a ser expedido discrecionalmente**…". (Énfasis suplido). 4 L.P.R.A. sec. 24s.

Por su parte, la Regla 46 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A, regula lo relativo a las órdenes para mostrar causa. Ésta dispone que una vez haya "[e]xpirado el plazo para contestar, el Tribunal resolverá lo que en derecho proceda: (1) denegando el recurso; (2) **expidiendo el auto definitivo y revocando, modificando o confirmando la sentencia o resolución**…". (Énfasis suplido). *Íd*.

Contrario a lo anterior, una vez el señor Ponce Ayala compareció, se circuló la decisión del caso, se acortaron los términos reglamentarios para emitir nuestro voto a tenor de la Regla 5 de nuestro Reglamento, *supra*, y se certificó la Sentencia, sin expedir el auto de *certiorari* como ha sido la costumbre cuando emitimos una orden de mostrar causa.

Esta inobservancia del procedimiento que siempre se ha seguido en este Tribunal durante la tramitación de los caso pone en tela de juicio la validez y eficacia de la decisión del Tribunal, así como del arresto y encarcelamiento del señor Ponce Ayala decretados en ésta.


                                        Federico Hernández Denton
                                             Juez Presidente