ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Peticionario<br><br>v.<br><br>**NELSON GUSTAVO ROSARIO RODRÍGUEZ**<br><br>Recurrido | KLCE202400271 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Ponce**<br><br>Criminal Núm.: **J MI2023-0194**<br><br>Sobre: Determinación Causa Arresto en Alzada |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de abril de 2024.

Comparece ante nos, mediante *Petición de Certiorari*, el Pueblo de Puerto Rico (Ministerio Público), representado por el Procurador General, y nos solicita que revoquemos la *Resolución* del Tribunal de Primera Instancia, Sala Superior de Ponce (TPI) dictada el 8 de enero de 2024.[1] En esta, el TPI desestimó las acusaciones criminales presentadas en contra del licenciado Nelson Gustavo Rosario Rodríguez (Rosario Rodríguez, imputado o recurrido) en la etapa de la vista para determinar causa probable para arresto (vista de Regla 6) conforme a lo dispuesto en la Regla 64(n)(7) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64(n)(7).

Por los fundamentos que discutimos a continuación, expedimos el auto de certiorari y revocamos la determinación del TPI.

---

[1] Apéndice de *Petición de Certiorari*, Anejo XI, págs. 25-36. Notificada y archivada en autos el 16 de enero de 2024.

Número Identificador
RES2024 _____

I.

El caso de marras dimanó cuando el Ministerio Público presentó una *Moción de Revisión de Causa Probable para Arresto* junto a dos denuncias en contra del Lcdo. Rosario Rodríguez por infracciones a los Artículos 202(a) (Fraude) y 217 (Posesión y traspaso de documentos falsificados) del Código Penal de Puerto Rico, Ley Núm. 146-2012, (33 LPRA secs. 5272 y 5287) (Código Penal de 2012).[2] El 2 de noviembre de 2023, el Honorable Juez Ángel N. Calendario Cáliz determinó no causa en la vista de Regla 6 para los delitos señalados,[3] determinación sobre cual el Ministerio Público solicitó revisión.[4] Cabe destacar que el Lcdo. Rosario Rodríguez compareció a esta vista. Aunque el Ministerio Público solicitó la vista de Regla 6 en alzada luego de culminar la vista original, el TPI no pudo señalar la vista por no tener disponible el calendario de las vistas de Regla 6.

Así las cosas, el 9 de noviembre de 2023, el Ministerio Público presentó una *Moción de Revision de Causa Probable para Arresto*. El TPI determinó Ha Lugar a la revisión de la determinación de no causa y pautó vista para el 19 de diciembre de 2023 a las 9:30am. El TPI ordenó que se citara personalmente al Lcdo. Rosario Rodríguez para que compareciera personalmente a la vista de Regla 6 en alzada.[5] Los alguaciles del tribunal realizaron gestiones para diligenciar la citación, pero estas resultaron infructuosas.

> Se visitó la dirección de epígrafe. Vecinas de los apartamentos 601 y 602 indicaron que [el Lcdo. Rosario Rodríguez] no reside en el apartamento y que lo tenía en alquiler a otras personas. Nos indicaron donde se encontraba ubicada su oficina. Visitamos su oficina ubicada en Mercado Urbano, Hormigueros y la puerta se encuentra cerrada desde hace 2 semanas aproximadamente, según nos indicó un comerciante del lugar. **Vecinos del requerido se comunicaron a su**

---

[2] *Íd.*, Anejo I, págs. 1-8.
[3] *Íd.*, Anejo II, pág. 9.
[4] *Íd.*, Anejo III, pág. 10.
[5] *Íd.*, Anejos IV y V, págs. 11-14.

**celular, sin embargo, colgó la llamada**. Intentamos comunicarnos y los intentos fueron infructuosos.[6]

En consecuencia, el 19 de diciembre de 2024, día de la vista de Regla 6 en alzada, el TPI suspendió los procedimientos hasta el 9 de enero de 2024 por falta del Lcdo. Rosario Rodríguez.[7] El TPI también ordenó a la Agente Cruz Rodríguez a diligenciar la citación al imputado.[8] Cabe señalar que el 19 de diciembre de 2023, el Ministerio Público compareció preparado para entrar en los méritos de la vista.

La nueva fecha pautada para la vista de Regla 6 en alzada, 9 de enero de 2024, excedía los sesenta (60) días que dispone las Reglas de Procedimiento Criminal para determinar causa para arresto en alzada. Por lo tanto, el 21 de diciembre de 2023 el Ministerio Público presentó una *Moción Urgente Solicitando se Adelante Señalamiento de la Regla 6 en Alzada* donde le solicitó al TPI que adelantara la fecha de la vista de Regla 6 para que se celebrara antes del 2 de enero de 2024.[9] Así las cosas, el TPI reprogramó la vista para el 28 de diciembre de 2023.[10]

Llegada la fecha de la vista reprogramada, el Lcdo. Rosario Rodríguez no compareció por falta de citación. El Ministerio Público solicitó nuevamente que se suspendiera la vista y que se celebrara la próxima vista de Regla 6 en alzada en ausencia del Lcdo. Rosario Rodríguez. En consecuencia, el TPI suspendió la vista de Regla 6 en alzada hasta el 2 de enero de 2024, último día del término de juicio rápido. Sin embargo, el TPI señaló que esperaría hasta el 2 de enero de 2024 para determinar si celebrar la vista en ausencia del imputado, por lo que debían continuar los esfuerzos para citar al imputado personalmente.

---

[6] *Íd.*, pág. 14. (Énfasis nuestro).
[7] *Íd.*, Anejo VI, pág. 15.
[8] *Íd.*
[9] *Íd.*, Anejo VII, págs. 17-19.
[10] *Íd.*, Anejo VII, pág. 20.

El 2 de enero de 2024, el Lcdo. Rosario Rodríguez no compareció. Sin embargo, sí compareció su representación legal, el Lcdo. Idelfonso Torres Rodríguez. Llamada la vista, el abogado del Recurrente expresó que el Lcdo. Rosario Rodríguez no había sido citado. **El Ministerio Público reiteró que estaba preparado** para proceder con la vista en sus méritos y que contaba con la comparecencia de varios testigos de cargo. También indicó que se encontraba presente la Agente Cruz Rodríguez quien testificaría sobre los esfuerzos realizados para diligenciar la citación del Lcdo. Rosario Rodríguez. La Agente Cruz Rodríguez testificó que:

> [R]ealizó cuatro gestiones el 29 de diciembre de 2023 para citar al imputado. Expresó que ese día **fue a la oficina del señor Rosario Rodrígu**ez, ubicada en el Mercado Urbano, segundo piso, en el Municipio de Hormigueros y que **estaba cerrada**, luego acudió al Consorcio del Municipio de Hormigueros, porque estaba cerca de la oficina y allí entrevistó a una persona de nombre Yadira Vidró quien le dijo que hacía un mes que no lo veían. Indicó también que a una Barbería y una oficina de contabilidad en el mismo municipio, lugares en los que le informaron que hacía mucho tiempo que no veían al imputado.
>
> Por otro lado, testificó la agente Cruz Rodríguez que el 20 de diciembre de 2023, por orden del Tribunal, acudió a la oficina del señor Rosario Rodríguez con el propósito de citarlo, de igual manera fue al Consorcio el Municipio de Hormigueros. Continuó la agente Cruz Rodríguez detallando que el 20 y el 29 de diciembre se personó al Condominio Monserrate Court en el Municipio de Hormigueros, **que era la dirección que tenía el recurrido en RUA y DAVID como su residencia, donde le indicaron que es un apartamento propiedad del señor Rosario Rodríguez, pero le indicaron que estaba alquilado**. Indicó la testigo que luego fue a la Urbanización Sultana en Mayagüez a la residencia de la madre del imputado, tocó el timbre, llamó, pero no había nadie; atestiguó que en esa dirección entrevistó un vecino, pero éste indicó que hacía tiempo que no veía al señor Rosario Rodríguez, que este tenía un vehículo Subaru y un Lexus, que vivía con su mamá, pero que a ella la habían operado, y él estaba viviendo en casa de su pareja. Continuó declarando que posteriormente, el 29 de diciembre de 2023, entrevistó a otra vecina de la misma urbanización quien le informó que la señora madre del señor Rosario Rodríguez estaba hospitalizada y hacía tiempo esta no lo veía.
>
> Expresó además la agente Cruz Rodríguez que el 21 de diciembre de 2023 se trasladó a Coamo a la residencia de la pareja del señor Rosario Rodríguez, y allí

entrevistó a la suegra de este quien le informó que él no vive allí y que su hija le había comentado que él estaba fuera de Puerto Rico, en Estados Unidos visitando a una hermana. **Declaró por otro lado que ese día realizó dos llamadas al señor Rosario Rodríguez y nadie le contestó**; expresó que **el número de teléfono se lo había dado el señor Rosario Rodríguez cuando lo entrevistó**; además el 20 de diciembre de 2023, cuando fue al Consorcio de Hormigueros le dieron unas tarjetas que él tenía allí y tenían el mismo número de teléfono, luego, el 29 de diciembre de 2023, lo llamó dos veces, nadie contestó.[11]

Tomamos esta oportunidad para destacar que sobre la actualización de los datos que obran en RUA, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 9(j), dispone que:

> **Todo abogado y toda abogada**, incluyendo a los notarios y las notarias, **tendrán la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el RUA**. Deberán presentarse de forma complementaria una declaración especial al Tribunal cuando se actualicen datos o información en el RUA que puedan dar lugar a la concesión o revisión de una exclusión al amparo del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico. (Énfasis nuestro).

Culminado el testimonio de la Agente Cruz Rodríguez, el abogado del imputado argumentó que no procedía la vista de Regla 6 en alzada en ausencia del imputado puesto que estas se deben dar en casos donde hay que velar por la seguridad de las víctimas, situación que no se dio en este caso.

> Alegó que el señor Rosario Rodríguez es una persona de fácil localización, no es un delincuente habitual que la policía tiene que presentar en ausencia porque hay temor para las víctimas porque le puede ocasionar algún daño; o por el hecho particular de que hay arrestos en serie que es lo que establece la jurisprudencia.[12]

Por su parte, el Ministerio Público argumentó que las Reglas de Procedimiento Criminal no impiden que se celebre una vista de Regla 6 en alzada en ausencia del imputado cuando las

---

[11] *Solicitud de Certiorari*, *supra*, pág. 6. (Citando la Regrabación de la vista del 2 de enero de 2024, minutos 5:40-5:52, 6:17-9:38, 9:49-10:19, 10:33-11:40).
[12] *Íd.*, pág. 7 (Citando la Regrabación de la vista del 2 de enero de 2024, minutos 57:16-58:30). (Énfasis nuestro).

circunstancias lo ameriten. También señaló que **el Lcdo. Rosario Rodríguez es un abogado, que debe mantener sus datos actualizados en RUA**. Finalmente, recalcó que la Agente Cruz Rodríguez realizó varias gestiones para diligenciar la citación. Luego de considerar los argumentos de las partes, el TPI determinó No Ha Lugar a la vista en ausencia y desestimó las acusaciones contra el Lcdo. Rosario Rodríguez al amparo de la Regla 64(n)(7) de Procedimiento Civil, *supra*, R. 64(n)(7). Ante esta determinación, el Ministerio Público le solicitó al TPI que se notificara la resolución con determinaciones de hecho y de derecho sobre lo sucedido en la vista.

El 8 de enero de 2024, el TPI emitió la *Resolución* recurrida, que fue notificada el 16 de enero de 2024. Si embargo, se limitó a hacer un resumen de lo acontecido en la vista celebrada, a exponer el derecho aplicable y a reiterar su determinación denegando la solicitud del Ministerio Público para celebrar la vista en alzada. El 30 de enero de 2024, el Ministerio Público presentó una *Reconsideración*,[13] la cual fue denegada el 2 de febrero de 2024. Inconforme, el 4 de marzo de 2024, el Ministerio Público presentó la *Petición de Certiorari* ante nuestra consideración.

En su *Petición*, el Ministerio Público hizo un señalamiento de error:

> **EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL ACTUAR EN CONTRA DE LO DISPUESTO EN LA REGLA 64(N) DE PROCEDIMIENTO CRIMINAL AL NO CELEBRAR UNA VISTA EVIDENCIARÍA ANTES DE DESESTIMAR LA CAUSA DE ACCIÓN, NI CONSIGNAR POR ESCRITO LOS FUNDAMENTOS DE SU DETERMINACIÓN.**

El 18 marzo de 2024, el Lcdo. Rosario Rodríguez presentó una moción de *Desestimación de Recurso de Certiorari al Amparo de la Regla 83 del Tribunal de Apelaciones* sin someterse a la jurisdicción

---

[13] *Íd.*, Anejo XII, págs. 37-49.

del Tribunal de Apelaciones. En esencia, la parte recurrida alegó que este Tribunal debe desestimar el recurso presentado por presentarse fuera de término. Argumentó que la *Reconsideración* debió haberse presentado quince (15) días luego de que el TPI hizo su determinación en sala el 2 de enero de 2024. Por lo tanto, alegó que el Ministerio Público tenía hasta el 17 de enero de 2024 para radicar la *Reconsideración.* Como el Ministerio Público presentó su reconsideración el 30 de enero de 2024, el Lcdo. Rosario Rodríguez argumenta que esto no paralizó el término jurisdiccional de treinta (30) días para recurrir al Tribunal de Apelaciones. En consecuencia, el Ministerio Público tenía hasta el 1 de febrero de 2024 para presentar la *Petición de Certiorari.* Sin embargo, presentó el *Certiorari* el 4 de marzo de 2024.

Con los hechos pertinentes esbozados, procedemos a discutir el derecho aplicable.

II.

A.

Como cuestión de umbral, debemos atender las alegaciones de la parte recurrida sobre la jurisdicción de este Tribunal. El Lcdo. Rosario Rodríguez alega que el recurso ante nuestra consideración debe ser desestimado por haberse presentado fuera de término. En específico, señaló que el 2 de enero de 2024 el TPI hizo su determinación en sala, razón por la cual alega que es desde esta fecha que deben calcularse los términos para haberse presentado la reconsideración. Otra fecha importante para nuestro análisis es el 16 de enero de 2024, fecha cuando el TPI le notificó al Ministerio Público de la *Resolución* recurrida.

La Regla 194 de Procedimiento Criminal, *supra*, dispone que cualquier parte puede solicitar la reconsideración de una sentencia o fallo dentro de los quince (15) días de que la misma fue dictada. "[E]l mecanismo de la reconsideración sirve para permitirle a la

parte afectada por una resolución, orden interlocutoria, sentencia final o dictamen posterior, solicitarle al tribunal adjudicador que modifique o deje sin efecto el dictamen en controversia". *Pueblo v. Silva Colón*, 184 DPR 759, 768 (2012). Sin embargo, nuestras Reglas de Procedimiento Criminal, *supra*, no abundan sobre el mecanismo de reconsideración en un caso criminal. "En nuestra jurisdicción, el cuerpo procesal criminal no regula expresa y detalladamente la forma de presentar una moción de reconsideración ante el foro de instancia", salvo aquellas disposiciones contenidas en la Regla 194 de Procedimiento Criminal, *supra. Pueblo v. Silva Colón, supra*, pág. 766.

La Regla 194 de Procedimiento Criminal dispone que:

Si **cualquier parte** solicitare la reconsideración de la sentencia o del fallo condenatorio dentro del **término improrrogable de quince (15) días desde que la sentencia fue dictada**, el término para radicar el escrito de apelación o de certiorari quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del tribunal adjudicando la moción de reconsideración.
[…]
**Cuando la persona estuviese presente en la sala al momento de ser dictada la sentencia o resolución, el término se calculará a partir de ese momento**. (Énfasis nuestro).

De la Regla 194 de Procedimiento Criminal podemos extrapolar varios aspectos pertinentes a la reconsideración. En primer lugar, cualquier parte tiene derecho a solicitar la reconsideración y debe hacerlo dentro de los quince (15) días a partir de que se dicte la sentencia. En segundo lugar, la presentación de una moción de reconsideración interrumpe el término dispuesto para apelar ante este Tribunal.

Finalmente, cuando de una sentencia penal se trata, cuando el acusado o imputado estuviese presente en la sala, el término comienza a partir de ese momento. No obstante, cuando el acusado o imputado no está presente en sala al momento de dictarse la

sentencia, el término comienza a partir de la notificación de la sentencia, puesto que el imputado debe estar consciente e informado de los procedimientos judiciales en su contra.

Por otro lado, la Regla 64(n) de Procedimiento Criminal, *Íd.*, R. 64(n), dispone que luego de que un juez haya celebrado vista para desestimar un caso criminal, "consignará por escrito los fundamentos de su determinación, **de forma tal que las partes tengan la oportunidad efectiva y objetiva de evaluar, si así lo solicitan, la reconsideración o revisión de dicha determinación**". De lo anterior se desprende que una vez presentada una solicitud de desestimación por violación a los términos establecidos en la Regla 64(n) de Procedimiento Criminal, *supra,* el Tribunal procederá a consignar por escrito los fundamentos de su decisión, de manera que las partes estén en posición de evaluar si es meritorio solicitar la reconsideración o revisión de dicho dictamen. Este lenguaje fue incorporado a las Reglas de Procedimiento Criminal mediante la Ley Núm. 281-2011 con el propósito de "proveerle herramientas adicionales al Ministerio Público para que pueda cumplir con mayor eficacia su labor de investigar las acciones delictivas y el procesamiento criminal de los responsables de estas acciones". Exposición de Motivos, Ley Núm. 281-2011. Es un requisito indispensable cuando se desestima un caso al amparo de la Regla 64 de Procedimiento Civil, y este Tribunal ha revocado a tribunales de instancia por incumplir con la Regla.[14]\

Por lo tanto, surge claramente que el término para solicitar la reconsideración de una desestimación al amparo de la Regla 64 de Procedimiento Criminal comienza a transcurrir a partir del momento de que el tribunal de instancia notifique los fundamentos de la desestimación.    Es decir, la determinación del tribunal de

---

[14] Véase KLCE201201630, panel integrado por su presidente, el Juez Cabán García, la Jueza Cintrón Cintrón y la Juez Nieves Figueroa.

desestimar, bajo la Regla 64(n), es una resolución, <u>no una sentencia</u>, por lo cual el término de revisión (o para solicitar reconsideración) comienza cuando se notifica la resolución por escrito.

En el caso de marras, el TPI determinó No Ha Lugar a la solicitud del Ministerio Público para celebrar la vista de Regla 6 en alzada en ausencia del imputado. Como consecuencia de esto, el TPI desestimó el caso al amparo de la Regla 64(n)(7) de Procedimiento Criminal, *Íd.,* R. 64(n)(7). Ante esta determinación, el Ministerio Público solicitó que el TPI notificara sus fundamentos por escrito en una *Resolución,* la cual fue notificada el 16 de enero de 2024. Al no tratarse de una sentencia, el término para solicitar la reconsideración comenzó a trascurrir el 16 de enero de 2024 cuando la *Resolución* fue notificada. Ante la presentación oportuna de la *Reconsideración* por el Ministerio Público, el término para solicitar la revisión de la *Resolución* quedó interrumpido. Regla 194 de Procedimiento Criminal, *Íd.*, R. 194. En consecuencia, declaramos No Ha Lugar a la *Moción de Desestimación* que presentó el Lcdo. Rosario Rodríguez.

B.

El Artículo II, Sección 11 de la Constitución de Puerto Rico, Const. ELA [Const. PR], LPRA, Tomo 1, dispone que a toda persona sujeta a una acción penal en los tribunales le asiste el derecho a juicio rápido.[15] Para cumplir con este mandato, la Regla 64(n) de Procedimiento Criminal, *supra,* "establece unos términos razonables que rigen el alcance del referido precepto constitucional a lo largo de las distintas fases del procedimiento penal". *Pueblo v. Carrión,* 159 DPR 633, 639 (2003). Por lo tanto, un caso puede ser desestimado por el incumplimiento con los términos aquí dispuestos. En lo

---

[15] En todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público, a ser notificado de la naturaleza y causa de la acusación recibiendo copia de la misma, a carearse con los testigos de cargo, a obtener la comparecencia compulsoria de testigos a su favor, a tener asistencia de abogado, y a gozar de la presunción de inocencia. Art. II, Sec. 11, Const. PR, *supra.*

pertinente a los términos durante la vista de Regla 6, la Regla 64(n)(7) de Procedimiento Criminal dispone:

> REGLA 64. — FUNDAMENTOS DE LA MOCIÓN PARA DESESTIMAR
> La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:
> [...]
> (n) Que existen una o varias de las siguientes circunstancias, **a no ser que se demuestre justa causa para la demora** o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
> [...]
> (7) Que se celebró una vista de causa probable para arresto o citación luego de los 60 días de la determinación de no causa. (Énfasis nuestro).

Por lo tanto, cuando un tribunal determina no causa para arresto en la vista de Regla 6, el Ministerio Público tiene sesenta (60) días, salvo que exista justa causa para la demora, para celebrar la vista de regla 6 en alzada.

Ahora bien, nuestro Tribunal Supremo ha reconocido que el derecho a juicio rápido no es absoluto ni opera en un vacío. *Pueblo v. Custodio Colón*, 192 DPR 567, 581 (2015). También ha resuelto que el incumplimiento con los términos no constituye un error fatal. *Pueblo v. García Vega*, 186 DPR 592, 609 (2012); *Pueblo v. Carrión*, *supra*, pág. 641. "[A]nte un planteamiento de violación a los términos de juicio rápido es importante 'tomar en cuenta las circunstancias que rodean su reclamo .... Es decir, se trata de un derecho que puede ser compatible con cierta tardanza o demora'". *Pueblo v. García Vega, supra*, pág. 610 (citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 570-571 (2009)). El derecho "no está limitado por la tiesa aritmética de la regla que lo concibe". *Pueblo v. Valdés et al.*, 155 DPR 781, 790 (2001).

En atención a la flexibilidad del derecho a juicio rápido, los tribunales deben hacer un análisis sosegado de los criterios establecidos jurisprudencialmente y adoptados por las Reglas de Procedimiento Criminal. La Regla 64(n) de Procedimiento Criminal

señala que al momento de determinar si se debe desestimar un caso criminal por incumplimiento con los términos de juicio rápido, debe considerar los siguientes criterios:

> (1) Duración de la demora;
> (2) [R]azones para la demora;
> (3) [S]i la demora fue provocada por el acusado o expresamente consentida por éste;
> (4) [S]i el Ministerio Público demostró la existencia de justa causa para la demora, y
> (5) Los perjuicios que la demora haya podido causar.

No podemos perder de la vista que "ninguno de estos criterios es determinante en la adjudicación del reclamo; el peso que a cada uno de éstos se le confiera está supeditado a las demás circunstancias relevantes que el tribunal viene obligado a examinar". *Pueblo v. Valdés et al., supra*, pág. 792. El análisis al amparo de la Regla 64(n) de Procedimiento Criminal debe realizarse **caso a caso y a la luz de la totalidad de las circunstancias**. En vista a esto, el Tribunal Supremo ha reiterado que:

> [L]a mera inobservancia del término —sin más— no necesariamente constituye una violación al derecho a juicio rápido, ni conlleva la desestimación de la denuncia o la acusación. Una dilación mínima es requisito de umbral para que un planteamiento de violación a juicio rápido progrese; no obstante, el remedio extremo de la desestimación sólo debe concederse luego de efectuado un análisis ponderado del balance de criterios antes esbozados. Más bien, al momento de evaluar este criterio, debe prestarse especial énfasis en determinar si la demora fue intencional y opresiva. *Pueblo v. Custodio Colón, supra*, pág. 583 (citando a *Pueblo v. Valdés, supra*, pág. 793).

En otras palabras, el hecho de que se hayan excedido los términos dispuestos en la Regla 64(n) de Procedimiento Criminal no conlleva la desestimación automática del caso basado únicamente en un cálculo de días. Los tribunales deben hacer un análisis sosegado caso a caso y a base de la totalidad de las circunstancias, tomando en consideración los criterios establecidos por la reglas y jurisprudencia.

"El Ministerio Público tiene el peso de la prueba para demostrar la existencia de una causa justa para la demora o la

renuncia expresa, voluntaria y con pleno conocimiento de este derecho por parte del imputado, **o que el imputado ha causado la tardanza**". *Pueblo v. Rivera Santiago, supra*, pág. 572. (Énfasis nuestro). El análisis sobre la justa causa por la demora no puede descansar sobre meras alegaciones, generalidades o conclusiones. Esta debe enmarcarse en parámetros de razonabilidad. *Pueblo v. Valdés et al., supra*.

## C.

La vista de Regla 6 es una etapa crítica puesto que es el inicio de la acción penal en nuestro ordenamiento jurídico y una exigencia constitucional. *Pueblo v. Irizarry*, 160 DPR 544, 555 (2003). El Artículo II, Sección 10 de nuestra Constitución, *supra*, dispone que "[s]ólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse". Sin una determinación de causa probable para arresto, el juicio no puede continuar.

Nuestra Constitución exige que la vista de Regla 6 cumpla con los siguientes requisitos: "la intervención de la figura neutral de un magistrado, la existencia de causa probable, que la determinación de causa probable esté apoyada en juramento o afirmación, y la especificidad de la orden". *Pueblo v. Irizarry, supra*, pág. 559. Estos deben ser cumplidos, aunque la vista se celebre en ausencia del imputado.

En lo pertinente, la Regla 6 de Procedimiento Criminal dispone el procedimiento para determinar causa para un arresto. Como norma general, la persona imputada debe comparecer a la vista de Regla 6 luego de ser citado por el tribunal. Sin embargo, la Regla 6 de Procedimiento Criminal permite, a modo de excepción, que se celebre la vista en ausencia del imputado. La presentación

de cargos en ausencia del imputado debe estar basado en circunstancias justificadas. Nuestro Tribunal Supremo ha reconocido como justificación:

> (1) cuando se pretenden realizar arrestos en serie; (2) cuando un operativo haya dado lugar a denuncias múltiples que hagan muy oneroso para el Estado citar previamente a todos los imputados; (3) cuando ello evite que se malogre una investigación en curso; (4) cuando la seguridad de las víctimas o los testigos aconsejan que se celebre el proceso en ausencia del imputado, o (5) **cuando la persona no pudo ser localizada pese al esfuerzo realizado**. *Pueblo v. Rueda Lebrón*, 187 DPR 366, 375 (2012). (Citas omitidas).

Esta lista no es taxativa, por lo que pueden existir otras circunstancias que justifiquen la ausencia del imputado. "[L]a determinación del Ministerio Público de que existen circunstancias justificadas para someter el caso en ausencia será merecedora de amplia deferencia por parte del magistrado". Regla 6 de Procedimiento Criminal, *supra*, R. 6.

D.

Sabido es que los tribunales de instancia gozan de amplia discreción al momento de tomar decisiones con relación a los casos ante ellos, tanto en lo civil como en lo criminal. Por lo tanto, los foros de instancia son merecedores de gran deferencia por parte de los tribunales apelativos. Esto no significa que las determinaciones de los foros de instancia son absolutas o sagradas. Por lo general, los tribunales apelativos no deben interferir con las determinaciones de los tribunales de instancia. Aun así, "podremos sustituir el criterio que utilizó el foro primario por el nuestro únicamente cuando existen circunstancias extraordinarias en las que se pruebe que el foro primario actuó con pasión, prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto o de derecho". *Pueblo v. Rivera Montalvo*, 205 DPR 352, 373 (2020).

En particular, un foro de instancia incurre en craso abuso de discreción cuando: (1) ignora sin fundamento algún hecho material

importante que no podía pasar por alto; (2) concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o (3) a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable. *Íd.*, pág. 374; *Pueblo v. Sanders Cordero*, 199 DPR 827, 841 (2018); *Pueblo v. Custodio Colón, supra*, pág. 588-589.

Con el derecho aplicable esbozado, procedemos a resolver la controversia señalada.

III.

Concluimos que erró el TPI al negarse a celebrar la vista de Regla 6 en ausencia, dentro de los términos de juicio rápido, según solicitado por el Ministerio Público. El récord demuestra claramente que el imputado no pudo ser ubicado a pesar de los esfuerzos razonables realizados. Resaltamos, al respecto, que "la explicación que ofrezca el fiscal sobre la conveniencia de citar o no a un sospechoso de delito a la determinación de causa para el arresto merece amplia deferencia judicial". *Rueda Lebrón, supra*, 187 DPR a la pág. 376 (citando *Pueblo v. Rivera Martell*, 173 DPR 601, 617 (2008)).

En efecto, el 2 de enero de 2024, último día del término de juicio rápido de la Regla 64(n) de Procedimiento Criminal, el Ministerio Público compareció para la celebración de la vista de Regla 6 en alzada contra el Lcdo. Rosario Rodríguez. Aunque el Ministerio Público estaba preparado para continuar con la vista, el Lcdo. Rosario Rodríguez no compareció por no haberse podido diligenciar la citación como había ordenado el TPI. A pesar de que el Ministerio Público solicitó que se celebrara la vista en ausencia del imputado, el TPI erróneamente lo denegó.

Del récord surge claramente que el Ministerio Público realizó gestiones suficientes para citar al imputado, mas ello no se logró a raíz de la propia conducta del imputado. La Agente Cruz Rodríguez

realizó varios esfuerzos en distintas fechas y en distintos lugares para ubicar al imputado. En ninguna de estas ocasiones logró localizarlo, pese que visitó su oficina y residencia, así como lugares donde frecuentaba el imputado, sus familiares, su pareja y personas conocidas. Al visitar la la dirección residencial del Lcdo. Rosario Rodríguez, obtuvo información de que éste no vivía ahí hace meses. Al visitar la oficina del imputado en el Municipio de Hormigueros, se encontró cerrada. Finalmente, intentó en varias ocasiones llamar al imputado al número de teléfono que éste le proveyó, pero no logró que le contestara su llamada.

De todas maneras, aun partiendo de la premisa de que, a pesar de todo lo anterior, el TPI actuó acertadamente al insistir en la citación del imputado en este caso (lo cual no es correcto), dicho foro también habría errado, como cuestión de derecho, al desestimar el caso por razón de la demora en diligenciar la citación.

Se han establecido cuatro criterios para guiar la discreción de un tribunal al analizar una posible violación al derecho a un juicio rápido: (1) duración de la tardanza, (2) razones para la dilación, (3) si el acusado ha invocado oportunamente su derecho, y (4) el perjuicio resultante de la tardanza para el acusado. *Pueblo v. Custodio*, 192 DPR 567, 568 (2015).

En cuanto a la razón de la demora, resaltamos que debe evaluarse, en estos casos, si la tardanza fue intencional; es decir, si tuvo "el propósito de perjudicar a la persona imputada o acusada" o de "entorpecer la defensa del imputado". *Pueblo v. García Vega*, 186 DPR 592, 612 (2012); *Pueblo v. Valdés*, 155 DPR 781, 793 (2011). Si el tribunal determina que no se trata de una demora intencional, debe evaluarla con menos rigurosidad. *Pueblo v. Rivera Tirado*, 117 DPR 419, 435 (1986).

En este caso, la razón de la demora es atribuible a la insistencia del TPI de que se citara al imputado. Por tanto, al no

tratarse de una demora intencional, el TPI tenía que evaluarla con menos rigurosidad. Ello es particularmente cierto en este caso, pues fue el propio TPI el que causó la demora al insistir en que un caso, que el Ministerio Público estaba preparado para presentar en ausencia, se condujera solo tras que se lograra la citación personal del imputado. Resaltamos, una vez más, que, lejos de estar ante una situación en que no hubo diligencia razonable para citar al imputado, según dispuesto por el TPI, el Ministerio Público acreditó de forma detallada y específica numerosas gestiones dirigidas a tal fin.

Por otra parte, e independientemente de lo anterior, tampoco el imputado demostró (de hecho, ni siquiera intentó demostrar) el perjuicio necesario para justificar la desestimación pretendida. Del récord no surge que la demora le hubiese causado al imputado un "estado de indefensión" o que este haya sufrido algún perjuicio indebido a su capacidad para defenderse adecuadamente. Ello, por sí solo, es suficiente para concluir que erró el TPI al ordenar la desestimación de las denuncias de referencia.

Adviértase que, al alegar una violación a los términos de juicio rápido, le corresponde al imputado probar el perjuicio que le ocasionó la tardanza. *García Vega*, 186 DPR a la pág. 612. Sobre el perjuicio sufrido, el mismo "tiene que ser específico, no puede ser abstracto ni puede apelar a un simple cómputo de rigor matemático; tiene que ser real y sustancial". *Pueblo v. Rivera Santiago*, 176 DPR 559, 576-77 (2009) (énfasis suplido); *Rivera Tirado*, 117 DPR a la pág. 438.

IV.

Por los fundamentos que preceden, expedimos el auto solicitado, revocamos la *Resolución* objeto de revisión y devolvemos el caso al Tribunal de Primera Instancia para la continuación del proceso de forma compatible con lo aquí resuelto y expuesto.

Al amparo de la Regla 211 de Procedimiento Criminal,[16] Regla 211 de Procedimiento Criminal, 34 LPRA Ap. II,R. 211, el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[16] La Regla 211 de Procedimiento Criminal, 34 LPRA Ap. II,R. 211, dispone:
En situaciones no previstas por la ley, estas reglas o las reglas que apruebe el Tribunal Supremo, tanto éste como el Tribunal de Circuito de Apelaciones, encauzarán el trámite en la forma que a su juicio sirva los mejores intereses de todas las partes. Queda reservada la facultad del Tribunal Supremo y del Tribunal de Circuito de Apelaciones para prescindir de términos, escritos o **procedimientos específicos** en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.
Véase también: *Pueblo v. Tribunal de Distrito*, 97 DPR 241 (1969); *Perez v. Corte*, 50 DPR 540 (1936).