Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| EL PUEBLO DE PUERTO RICO  Recurrido  v.  CHRISTIAN RAFAEL ÁLAMO ALICEA  Peticionario | KLCE202401277 | *Certiorari*  Procedente del Tribunal de Primera Instancia, Sala de BAYAMÓN  Caso Núm.: D TR2024-0154  Sobre: Art. 7.02 Manejar vehículo de motor bajo efecto de bebidas embriagantes |
|---|---|---|

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de enero de 2025.

El 22 de noviembre de 2024, el Sr. Christian Álamo Alicea (en adelante señor Álamo o peticionario) presentó ante este Tribunal de Apelaciones una *Petición de Certiorari* en la que nos solicita la revisión de la *Resolución Referente a Moción al Amparo de la Regla 64(p) de las de Procedimiento Criminal* dictada el 1 de noviembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI o foro primario). Por virtud del aludido dictamen, el TPI declaró No Ha Lugar la solicitud que el peticionario sometiera en el caso para la desestimación de la *Denuncia* sometida en su contra por violación al Art. 7.02 de la Ley 22 del 7 de enero de 2000, según enmendada, mejor conocida como la Ley de Vehículos de Tránsito de Puerto Rico (en adelante, Ley 22).[1]

Evaluados los argumentos de las partes, en virtud del derecho que más adelante consignamos, **denegamos** el recurso. Veamos porqué.

---

[1] Ante dicha determinación el señor Álamo sometió una oportuna *Moción en Solicitud de Reconsideración*. Esta fue declarada No Ha Lugar mediante *Orden* emitida y notificada por el foro primario el 12 de noviembre de 2024.

Número Identificador

RES2025 _____

**-I-**

El 11 de septiembre de 2024, el Ministerio Público (en adelante, también el Estado) sometió 2 denuncias contra el peticionario. Una de estas, le imputó violación al Artículo 7.02 de la Ley 22, al alegar lo siguiente:

Fecha de los hechos: 18 de agosto de 2024, a la 1:45 a.m. de la siguiente manera:

CHRISTIAN ÁLAMO ALICEA, allí y entonces en fecha y hora antes mencionada, en la Carretera #28 intersección con la Carretera #5, la cual es una vía pública en Bayamón, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, [S]ala de Bayamón, Puerto Rico, ilegal a propósito y/o con conocimiento, criminalmente, mientras conducía y/o hacía funcionar el vehículo de motor marca: Lexus Modelo: NX300 F-Sport, color: azul, año: 2020, tablilla: JMO-938, por el lugar antes mencionado, bajo los efectos de bebidas embriagantes al momento de la intervención por el Agte. Luis Cordero Díaz, Placa #37269, por infracciones a la Ley de Tránsito. El mismo expelía fuerte olor alcohol, hablaba de forma pesada y tenía los ojos rojizos. Se le leyeron las advertencias de ley para estos casos, siendo trasladada a la División Autopistas Buchanan, donde se sometió libre y voluntariamente a una prueba de aliento con el instrumento "Intoxilyzer 9000", realizada por el Agte. Luis Cordero Díaz, Placa #37269, arrojando 0.132% alcohol en su organismo a través de su aliento.[2]

Celebrada la vista preliminar ese mismo día, se encontró causa por la alegada violación al Art. 7.02 antes transcrita. Posteriormente, el 25 de septiembre de 2024, el peticionario solicitó la desestimación del pliego acusatorio en virtud de la Regla 64(p) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64(p). Al así hacer, alegó 3 razones por las que procedía desestimar los cargos. Estas fueron:

- El primer testigo, el Tnte. Ángel Luis González González, Placa #24572, omitió en su testimonio declarar que la persona que hacía funcionar o conducía el vehículo de motor detenido **carca: Lexus, modelo: NX 300 F-Sport, color: azul, año: 2020, tablilla: JMO-938,** era el señor Christian Álamo Alicea quien se e[n]contraba presente en sala.

- El Agte. Luis Cordero Díaz, Placa #37269 de la División Patrullas de Autopista Buchanan nunca presentó su certificación al amparo del Reglamento Núm. 9234 de 3 de diciembre de 2020 del Departamento de Salud, Departamento

---

[2] La otra Denuncia, por violación al Art. 3.23(A) de la Ley 22 (conducir sin licencia) alegaba que el peticionario, en la misma fecha, hora y lugar de hechos con conocimiento y criminalmente, mientras conducía y/o hacía funcionar el mismo vehículo de motor "lo hacía sin estar debidamente autorizado por el Secretario de Transportación y Obras Públicas de Puerto Rico.".

de Seguridad Pública Y Negociado de Ciencias Forenses como operador del instrumento "Intoxilyzer 9000".

- Ninguno de los dos testigos, cumplió con el Reglamento del Negociado de la Policía de Puerto Rico titulado "Reglamento para Administrar la Prueba de Campo Estandarizada de Sobriedad (conocida en [inglés] como "Standard Field Sobriety Test" "SFST" por lo que ambos testimonios resultaron ser sumamente estereotipados.

Al oponerse a dicho escrito, el Ministerio Público señaló que ambos testigos declararon sobre lo ocurrido, que el Agte. Cordero Díaz identificó y conectó al peticionario con la comisión del delito imputado y que se presentó prueba para establecer los elementos del mismo. De igual forma, resaltó la naturaleza de la vista de Regla 6, específicamente que los procedimientos a su amparo es uno de preponderancia de la prueba y que, en la correspondiente audiencia, cumplió con establecer los elementos del delito imputado y la comisión de estos por el peticionario. A su vez, el Estado reclamó que la solicitud de desestimación sometida por el señor Álamo falló en proveer una transcripción de la vista de Regla 6. Así, destacó que para que pueda ser efectivamente controvertida la determinación de causa probable para arresto, quien la impugne debe presentar evidencia que demuestre que durante la vista de Regla 6 hubo ausencia total de prueba. El señor Álamo replicó este escrito.

Tras evaluar dichas argumentaciones **y tener oportunidad de escuchar las audiencias grabadas relacionadas a la vista preliminar celebrada en el caso de autos**, el TPI emitió la resolución recurrida. Allí determinó que el peticionario no tenía razón en ninguno de los fundamentos dados en reclamo de la desestimación y, por las razones allí dadas, se negó a desestimar. En desacuerdo, el 6 de noviembre de 2024, el peticionario presentó *Moción en Solicitud de Reconsideración*. Esta fue declarada No Ha Lugar el 12 de noviembre del mismo año.

Inconforme aun, el peticionario acudió ante nos mediante el recurso de epígrafe y señaló la comisión de 3 errores. Estos son:

Primer error: Erró el Tribunal de Primera Instancia, Sala Criminal de Bayamón, al declarar NO Ha Lugar la Moción de Desestimación al Amparo de la Regla 64(p) de las de Procedimiento Criminal, por ausencia total de prueba, cuando en la Regla 6 no desfiló prueba alguna de que la persona que administró la prueba estaba debidamente cualificada y certificada por el Departamento de Salud y que dicha certificación estaba vigente cuando se realizó la prueba. Véase Pueblo v. Montalvo Petrovich, 175 DPR 932 (2009).

Segundo Error: Erró el Tribunal de Primera Instancia, Sala Criminal de Bayamón, al admitir el resultado de la prueba de aliento, tomada por el Agte. Luis Cordero Díaz, Placa #37269 de la División de Patrullas de Autopistas Buchanan como evidencia "prima facie" por el magistrado para la determinación de causa probable para el arresto cuando no se cumplió como mínimo con el requisito *sine qua non* del Art. XIII del Reglamento para regular los métodos y procedimientos para la toma y análisis de muestras de sangre y aliento por motivos fundados a conductores inhabilitados por el uso del alcohol, drogas y/o sustancias controladas.

Tercer Error: Erró el Tribunal de Primera Instancia, Sala Criminal de Bayamón, al admitir, el resultado de la prueba del aliento, tomada por el Agte. Luis Cordero Díaz, Placa #37269 de la División Patrullas de Autopistas Buchanan como evidencia "prima facie" por el magistrado para la determinación de causa probable para el arresto cuando el Agte. Luis Cordero Díaz, Placa #37269 nunca demostró en dicha vista que para el momento de los hechos era operador cualificado y certificado por el Departamento de Salud del Instrumento "Intoxylizer 9000".

Atendido el recurso, el 3 de diciembre de 2024, concedimos 10 días a la parte recurrida para que sometiera su posición sobre el mismo. Cumpliendo con lo ordenado, así lo hizo.

-II-

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 195 (2023) al citar a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de certiorari descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular vs. Gómez Alayón, 2023 TSPR 145,

213 ___ y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

El examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. 800 Ponce de León v. AIG, 205 DPR 163 (2020).  Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019).  La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación." Scotiabank v. ZAF Corp. et al., *supra*, págs. 486-487; Mun. De Caguas v. JRO Construction, *supra*.

*B.*

La Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II, R. 6, es el mecanismo procesal que satisface la exigencia constitucional de que se determine causa probable para arrestar o detener a una persona. <u>Pueblo v. Irizarry</u>, 160 DPR 544, 555 (2003). La misma dispone que "[s]i de una denuncia jurada o de la declaración o declaraciones juradas sometidas con la denuncia o del examen bajo juramento del denunciante o sus testigos, si alguno, **constare que hay causa probable para creer** que se ha cometido el delito por la persona o personas a quien se imputa, el magistrado expedirá la orden para el arresto de dichas personas, con excepción de lo dispuesto en la Regla 7(a).[3] (Énfasis nuestro)

La determinación de causa probable para arrestar constituye una exigencia de índole constitucional, pues nuestra Constitución la requiere a los fines de expedirse una orden de arresto.[4]

*C.*

La Ley 22 clasifica como delito menos grave el que cualquier persona bajo los efectos de bebidas embriagantes, drogas o sustancias controladas conduzca o haga funcionar cualquier vehículo, vehículo de motor, o vehículo todo terreno.[5] Así, y en cuanto a ello, el Artículo 7.02 de la Ley 22, establece lo siguiente:

**Artículo 7.02.- Manejo de vehículos de motor bajo los efectos de bebidas embriagantes.**

En cualquier proceso criminal por infracción a las disposiciones del Artículo 7.01 de esta Ley, aplicarán las siguientes normas con relación al nivel o concentración de alcohol existente en la sangre del conductor al tiempo en que se cometiera la alegada infracción, según surja tal nivel o concentración del análisis químico o físico de su sangre, de su aliento, o cualquier sustancia de su cuerpo constituirá base para lo siguiente:

(a) Es ilegal per se, que cualquier persona de veintiún (21) años de edad, o más, conduzca o haga funcionar un vehículo de motor, cuando su contenido de alcohol en su sangre sea de ocho centésimas del uno por ciento (0.08%) o más, según surja tal

---

[3] 34 LPRA Ap. II, R. 6.
[4] <u>Pueblo v. River Martell</u>, 173 DPR 601 (2008); el Art. II, Sec. 10 de la Constitución del Estado Libre Asociado de Puerto Rico, LPRA, Tomo 1.
[5] Artículo 7.01 de la Ley 22, 9 LPRA Sec. 5201).

nivel o concentración del análisis químico o físico de su sangre o aliento.

(b)  En los casos de personas entre los dieciocho (18) y veinte (20) años de edad, inclusive, conductores de camiones, motocicletas, ómnibus escolares, vehículos pesados de motor, y/o vehículos todo terreno, la disposición anterior se aplicará cuando el contenido del alcohol en la sangre del conductor sea de dos centésimas del uno por ciento (0.02%) o más, según surja tal nivel o concentración del análisis químico o físico de su sangre o aliento.

(c)  Es ilegal que cualquier persona menor de dieciocho (18) años conduzca o haga funcionar un vehículo de motor conteniendo alcohol en su sangre, según se determine dicha concentración de alcohol en el análisis químico de su sangre o aliento.

(d)  Será ilegal que cualquier empleado o funcionario público maneje o haga funcionar un vehículo de motor, propiedad del Gobierno de Puerto Rico, conteniendo dos centésimas del 1% (.02%) o más de alcohol en su sangre, según se determine dicha concentración de alcohol en el análisis químico o físico de su sangre, de su aliento o cualquier sustancia de su cuerpo.

El Artículo 7.04 será aplicable a todo aquél que no cumpla con lo aquí dispuesto.

Toda agencia, corporación e instrumentalidad gubernamental establecerá por reglamento la sanción o sanciones administrativas aplicables a todo aquel empleado o funcionario que no cumpla con lo dispuesto en este inciso.

**Las disposiciones de los anteriores incisos (a), (b), y (c) y (d) no deberán interpretarse en el sentido de que las mismas limitan la presentación de cualquier otra evidencia competente sobre si el conductor estaba o no bajo los efectos de bebidas embriagantes al tiempo de cometerse la alegada infracción**.

*D.*

La moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64(p), es el remedio procesal adecuado mediante el cual un imputado de delito puede solicitar la desestimación de la acusación, o alguno de los cargos en esta incluidos. Al amparo de la antes mencionada regla, procede la desestimación en dos escenarios particulares: (1) cuando se determine causa probable para acusar, a pesar de la ausencia total de prueba sobre alguno de los elementos del delito imputado o de su conexión con el acusado o (2) cuando se haya infringido alguno de los requisitos o derechos procesales que se deben observar durante la vista preliminar. Pueblo v. Negrón Nazario, 191 DPR 720, 735 (2014) y casos allí citados.

La determinación de causa probable para acusar goza de una presunción de corrección, por lo que le corresponde al acusado persuadir al tribunal que la determinación de causa probable no fue conforme a derecho bajo alguno de los escenarios reconocidos por la Regla 64(p) de Procedimiento Criminal, *supra*. Id. Así pues, quien impugne una determinación de causa probable fundamentado en que no se presentó prueba sobre alguno de los elementos del delito o su conexión con este, debe demostrar que, en efecto, durante el procedimiento no se desfiló prueba alguna sobre el particular. Únicamente en ausencia total de prueba durante la determinación de causa probable es que procede la desestimación de la acusación impugnada. Pueblo v. Guadalupe Rivera, 206 DPR 616, al citar a Pueblo v. Negrón Nazario, *supra,* a la pág. 736.

**-III-**

A través de la discusión conjunta de los 3 errores que señaló, el peticionario argumenta que el foro primario se equivocó al no desestimar el cargo imputado a violación al Art. 7.02 de la Ley 22 arriba reproducido. A tales efectos, cita la decisión emitida por nuestro Tribunal Supremo en el caso Pueblo v. Montalvo Petrovich, 175 DPR 932,958 (2009) en la que se resolvió que "antes de admitir en evidencia una prueba de aliento, el tribunal debe velar por que ésta se haya realizado siguiendo el procedimiento correcto, de manera que se garantice un mínimo de confiabilidad y precisión. Ello incluye requerir que el Estado demuestre que la persona que administró la prueba estaba debidamente cualificada y certificada por el Departamento de Salud y que dicha certificación estaba vigente cuando se realizó la prueba; que el instrumento había sido aprobado por el Departamento de Salud, certificado y calibrado conforme a la regulación aplicable, y que estaba funcionando apropiadamente."

Basándose en estas expresiones, el señor Álamo expone que en el caso de autos el Estado no demostró que el Agente Luis Cordero Díaz está

debidamente certificado y cualificado por el Departamento de Salud para administrar la prueba de aliento y ataca directamente la admisión de esta como evidencia. Asimismo, impugna incumplimiento con el Reglamento para Regular los Métodos y Procedimientos para la Toma y Análisis de Muestras de Sangre y Aliento por Motivos Fundados a Conductores Inhabilitados por el Uso de Alcohol, Drogas y/o Sustancias Controladas del Departamento de Salud.

La Oficina del Procurador General, al comparecer en representación del Ministerio Público, expone que la denegatoria a la moción de desestimación del peticionario debe ser confirmada, pues el ataque realizado a esta descansa en la credibilidad que el juzgador de los hechos le dio al testimonio del Agente Cordero Díaz, más, sin embargo, no presentó ni una regrabación, transcripción o exposición narrativa. Así pues, señala que, en Pueblo v. Pérez Delgado, 211 DPR 654, 674 (2023), nuestro Más Alto Foro reiteró que cuando la impugnación de las determinaciones de hechos se base en la prueba desfilada y la credibilidad que esta merezca, es imprescindible que se traiga a la consideración del foro revisor la transcripción de la vista celebrada o una exposición narrativa de la prueba.

Hemos examinado la *Resolución Referente a Moción al Amparo de la Regla 64(p) de las de Procedimiento Criminal* emitida en el caso. Dicha revisión nos permite constatar que, al atender la solicitud de desestimación del peticionario, el Hon. Jesús E. Soto Amadeo, Juez Superior, tuvo a bien escuchar la grabación de la vista para determinar causa para arrestar (Regla 6) y evaluar la prueba allí desfilada.

Basándose en la grabación escuchada, el Juez concluyó que no procedía desestimar los cargos sometidos contra el señor Álamo por ninguna de las razones por él dadas. Si bien estimó correcta alguna de las observaciones hechas por el peticionario, el Juez Soto Amadeo determinó que **la totalidad de la prueba** permitía concluir: (1) que el Teniente

González- quien intervino inicialmente con el señor Álamo- transfirió sus motivos fundados al Agente Cordero Díaz- quien continuó con la intervención y sí identificó en sala al acusado como la persona con la que se intervino en la madrugada del 16 de agosto de 2024; (2) que durante la audiencia de Regla 6, aunque el Agente Cordero Díaz no mostró una certificación de operador, sí se le presentaron varios documentos a la magistrada y el Estado cumplió con el estándar de prueba aplicable a dicha etapa del proceso; y (3) que desde el año 1980, nuestro Tribunal Supremo ha rechazado que la prueba inicial de aliento fuera una condición precedente, por lo que el alegado incumplimiento con la reglamentación vigente señalado por el peticionario no era causa para desestimación.[6] A su vez, el Juez Soto Amadeo rechazó la clasificación de testimonio estereotipado levantada por el señor Álamo.

Al igual que ocurrió en Pueblo v. Pérez Delgado, *supra,* el argumento principal del señor Álamo se funda en que hubo una ausencia total de prueba que sostenga la determinación de causa probable para su arresto. Ahora, como también ocurrió en el citado caso, el legajo apelativo ante nos carece de documento alguno que nos coloque en posición de examinar lo ocurrido durante la audiencia en Regla 6. Ello así, pues como correctamente señala la Oficina del Procurador General, el señor Álamo no utilizó ninguno de los medios disponibles para reproducir la prueba oral desfilada en la vista sobre Regla 6.

Su inobservancia impide que podamos ejercer nuestra función revisora responsablemente. Al fin y al cabo, los tribunales apelativos no pueden cumplir a cabalidad su función revisora sin que se le produzca, mediante alguno de los mecanismos de recopilación de prueba oral, la prueba que tuvo ante sí el foro primario.[7] Cuando no tenemos forma de

---

[6] Véase, págs. 10-12 de la resolución recurrida; páginas 19-21 del Apéndice.

[7] Pueblo v. Pérez Delgado, *supra,* a la pág. 671 y casos allí citados.

evaluar la evidencia que ante este se desfiló, como sucedió en este caso, no debemos intervenir con la apreciación de la prueba oral.

**-IV-**

Por lo antes dicho, **denegamos** expedir el auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Por lo antes dicho, **denegamos** expedir el auto de *certiorari* solicitado.